■ DARRELL DALANNA et al., Appellants, v CITY OF NEW YORK et al., Respondents. [764 NYS2d 429] —Order, Supreme Court, New York County (Louise Gruner Gans, J.), entered on or about March 20, 2003, which granted the motion of defendants construction site owner and general contractor for summary judgment dismissing plaintiff's causes of action under Labor Law §§ 200 and 241 (6), unanimously affirmed, without costs.

Plaintiff, a plumber, was directed to install pipes on a tank and was injured when he tripped over a protruding bolt while carrying a pipe across an outdoor 50-foot-long concrete slab. The IAS court correctly dismissed plaintiff's cause of action under Labor Law § 200 on the ground that defendants had no supervisory control over this injury-producing work (*see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 505 [1993]). There is no evidence that defendant general contractor gave anything more than general instructions on what needed to be done, not how to do it, and monitoring and oversight of the timing and quality of the work is not enough to impose liability under section 200 (*see Gonzalez v United Parcel Serv.*, 249 AD2d 210, 210-211 [1998]). Nor is a general duty to ensure compliance with safety regulations or the authority to stop work for safety reasons (*see Buccini v 1568 Broadway Assoc.*, 250 AD2d 466, 468-469 [1998]).

We reject plaintiff's argument that a showing of supervisory control is not necessary since the accident was caused not by a contractor's methods but by a defect in the premises itself of which defendants had constructive notice. The record shows that the bolt was one of many that had been put down to temporarily anchor the tank to the concrete slab prior to its installation, and that when the tank was taken off the slab several months prior to the accident, plaintiff's employer was instructed to cut down the protruding bolts so they would be level with the surrounding surface, but it apparently missed the one on which plaintiff tripped. Thus, the protruding bolt was not a defect inherent in the property, but rather was created by the manner in which plaintiff's employer performed its work. Accordingly, defendants cannot be held liable under section 200 even if they had constructive notice of the protruding bolt (*see Wright v Belt Assoc.*, 14 NY2d 129, 134 [1964]; *McParland v Travelers Ins. Co.*, 302 AD2d 328 [2003]).

Nor can plaintiff recover under section 241 (6). The slab, although regularly traversed to bring pipes to the tanks, remained a common, open area between the job site and the street, and thus was not "passageway" covered by 12 NYCRR 23-1.7 (e) (1), and at best was a "working area" covered by 12 NYCRR 23-1.7 (e) (2) (*see Lenard v 1251 Ams. Assoc.*, 241 AD2d 391, 392, 393 [1997], *appeal withdrawn* 90 NY2d 937 [1997]; *Canning v Barney's N.Y.*, 289 AD2d 32, 34 [2001]). However, the bolt, which was embedded in the ground, was not "dirt," "debris," "scattered tools and materials," or a "sharp projection[ ]," as required by the latter provision.

We have considered plaintiff's other arguments and find them unavailing. Concur—Saxe, J.P., Rosenberger, Williams, Lerner and Friedman, JJ.