■ TERENCE WRAY, Respondent, v MORSE DIESEL INTERNATIONAL INC., Appellant, et al., Defendants. (And Other Actions.) [804 NYS2d 303]—

Order, Supreme Court, Bronx County (Kenneth L. Thompson, J.), entered April 9, 2004, which, to the extent appealed from, denied defendant Morse Diesel's cross motion for summary judgment dismissing plaintiff's Labor Law § 200 and common-law negligence claims, affirmed, without costs.

Plaintiff was employed as a laborer by defendant Westmont Associates, the general contractor on a public library construction project located at 365 Fifth Avenue in Manhattan. Plaintiff sustained injury shortly after he removed designated areas of concrete ceiling beams using a jackhammer. As he was handing down tools to a coworker while standing on a scaffold, a portion of the concrete ceiling collapsed. Plaintiff did not fall from the scaffold but was injured by falling concrete debris.

As the project construction manager, Morse Diesel asserts that it was primarily responsible for ensuring compliance by contractors at the work site with the requirements of their contracts with the State Dormitory Authority. Morse also assumed responsibility for safety oversight and had authority to issue stop-work orders for violations of safety protocols.

Plaintiff testified that he received his daily assignments from his supervisor, who was given the work instructions by an individual affiliated with Morse. While the Morse representative did not speak directly to Westmont employees, plaintiff overheard work instructions being given by Morse to his supervisor at Westmont. In fact, on the day of the accident, plaintiff heard Morse's representative giving instructions to plaintiff's supervisor regarding the work that was to be performed, and the supervisor simply relayed those instructions to plaintiff and his coworkers. Moreover, as the dissenter notes, on the day of the accident, the Morse representative explicitly directed that only those areas of concrete marked with orange-colored spray paint were to be cut and removed.

In this context, the instructions issued by the Morse representative concerning plaintiff's demolition work raise a factual issue concerning Morse's exercise of supervisory authority over the work being performed by plaintiff (*see Lehner v Dormitory Auth. of State of N.Y.*, 221 AD2d 958 [1995]; *cf. Lombardi v Stout*, 80 NY2d 290, 294-295 [1992]; *Russin v Louis N. Picciano & Son*, 54 NY2d 311, 316-317 [1981]). Under these circumstances, we accord little significance to the use of an intermediary to relay the instructions given by Morse's representative to plaintiff.

We have considered Morse's remaining contentions and find them without merit. Concur—Tom, J.P., Ellerin, Nardelli and Sweeny, JJ.

Andrias, J., dissents in a memorandum as follows: I respectfully dissent and would reverse and grant Morse Diesel summary judgment dismissing the complaint as against it.

As the construction manager on the project, Morse Diesel cannot be held liable under Labor Law § 200 or at common law for injuries suffered by plaintiff, an employee of Westmont, the general contractor for architectural improvements, absent evidence that it controlled the demolition work being performed by him at the time of the accident (*see Lombardi v Stout*, 80 NY2d 290, 294-295 [1992]; *Russin v Louis N. Picciano & Son*, 54 NY2d 311, 316-317 [1981]).

Although Morse's on-site representative may have given plaintiff's supervisor instructions as to what work was to be

done on a particular day, the uncontested testimony of both Morse's and Westmont's witnesses was that Morse, on behalf of the owner, ensured that the subcontractors were complying with the contracts and meeting quality requirements; that Morse did not direct any of the trades; that Morse did not tell Westmont's employees what to do; and that Morse's on-site representative would never speak to Westmont's employees, but would speak to Westmont's supervisor. While at one point in his deposition plaintiff testified that Morse's representative never spoke directly to him and he never spoke to anyone from Morse, he later testified that before they began work on the day of the accident, Morse's representative gave direct instructions to his supervisor regarding the work to be performed on the day of the accident who then relayed those instructions to Westmont's employees, and that Morse's representative explained exactly *what* he wanted done and told him not to cut anything but the areas that were spray-painted. Morse's representative then walked away as plaintiff started his work and any instructions as to *how* the work was to be done were given by his supervisor from Westmont. Thirty to forty minutes later, after plaintiff had finished jackhammering and was standing on a scaffold handing tools down to his coworker, part of the ceiling collapsed on him.

Unless a construction manager of a work site such as Morse has supervisory control and authority over the work being performed when the plaintiff is injured, there is no statutory agency conferring liability under the Labor Law (*Walls v Turner Constr. Co.*, 4 NY3d 861 [2005]). Morse's general oversight of the timing of the work and its quality is not to be equated with the direct supervision and control over the manner of the work's performance necessary to establish liability under Labor Law § 200, or at common law for negligence (*see Gonzalez v United Parcel Serv.*, 249 AD2d 210 [1998], citing *Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877 [1993]).

Accordingly, inasmuch as there is no evidence that Morse gave anything more than general instructions as to what needed to be done, not how to do it (*see Dalanna v City of New York*, 308 AD2d 400 [2003]), plaintiff's testimony is insufficient to establish the existence of a material question of fact as to whether Morse exercised sufficient control and supervision over the work being performed by him at the time of the accident. As a result, Morse's cross motion for summary judgment dismissing the Labor Law § 200 and common-law negligence claims as to it should have been granted.