■ Sofio Garcia Paz, Appellant, v City of New York et al., Defendants, and Riverbay Corporation et al., Respondents.
[925 NYS2d 453]—

Judgment, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered September 7, 2010, granting defendants-respondents' cross motion for summary judgment dismissing the complaint, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered June 1, 2010, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

It is well settled that while Labor Law § 240 (1) imposes non-delegable, absolute liability upon an owner and/or contractor for any breach thereof which was proximately responsible for the plaintiff's injury (*see Abbatiello v Lancaster Studio Assoc.*, 3 NY3d 46, 50 [2004]), liability does not attach where a plaintiff's actions are the sole proximate cause of his injuries (*see Robinson v East Med. Ctr., LP*, 6 NY3d 550, 554 [2006]; *Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 290 [2003]). Specifically, if adequate safety devices are provided and the worker either chooses for no good reason not to use them, or misuses them, then liability under section 240 (1) does not attach (*see Cahill v Triborough Bridge & Tunnel Auth.*, 4 NY3d 35, 40 [2004]). Here, the record established that plaintiff knew that he was expected to use a ladder to climb onto the elevated scaffold, untie it, and lower it to the ground, but chose for no good reason not to do so. The record further demonstrates that the scaffold was tied to an elevated concrete ledge for the purpose of preventing pedestrians from gaining access to it overnight, not to support the weight of a worker balancing between the ledge and the scaffold as he put on his safety harness. Hence, the court correctly denied plaintiff's motion for summary judgment as to this cause of action and granted defendants-respondents' cross motion for summary judgment dismissal.

The court correctly dismissed plaintiff's cause of action under Labor Law § 200 on the ground that defendants had no supervisory control over this injury-producing work (*see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 505 [1993]). There is no evidence that the owner or site engineer gave anything more than general instructions on what needed to be done, not how to do it, and monitoring and oversight of the timing and quality of the work is not enough to impose liability under section 200 (*see Dalanna v City of New York*, 308 AD2d 400 [2003]). Nor is a general duty to ensure compliance with safety regula-

tions or the authority to stop work for safety reasons enough to impose such liability (*id.*).

The Industrial Code provisions cited by plaintiff in support of his cause of action under Labor Law § 241 (6)—12 NYCRR 23-1.16 (c) (requiring instructions in the use of safety belts, harnesses, tail lines and lifelines); 23-3.3 (k) (1) (i) (prohibiting storage of materials on scaffold platforms that cannot be safely supported); 23-5.8 (g) (mandating that scaffolds shall be tied in to the building or other structure at every working level)—are inapplicable to the alleged facts. Concur—Saxe, J.P., Acosta, DeGrasse, Abdus-Salaam and Manzanet-Daniels, JJ.