# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

963
CA 12-00326
PRESENT: SCUDDER, P.J., CENTRA, CARNI, SCONIERS, AND MARTOCHE, JJ.

---

BARBARA SMALL, AS ADMINISTRATRIX OF THE ESTATE
OF MICHAEL SMALL, DECEASED, PLAINTIFF-APPELLANT,

V                                          MEMORANDUM AND ORDER

FRANCIS CAPRARA, ET AL., DEFENDANTS,
SUNDANCE POOL & PATIO, INC., DEFENDANT-APPELLANT,
TRAVIS INDUSTRIES, INC. AND ROBERTSHAW CONTROLS
COMPANY, DEFENDANTS-RESPONDENTS.

---

HANCOCK ESTABROOK, LLP, SYRACUSE (ALAN J. PIERCE OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

KNYCH & WHRITENOUR, LLC, SYRACUSE (BRENDAN J. REAGAN OF COUNSEL), FOR
DEFENDANT-APPELLANT.

SUGARMAN LAW FIRM, LLP, SYRACUSE (MATTHEW D. GUMAER OF COUNSEL), FOR
DEFENDANT-RESPONDENT TRAVIS INDUSTRIES, INC.

GOLDBERG SEGALLA LLP, SYRACUSE (KENNETH M. ALWEIS OF COUNSEL), FOR
DEFENDANT-RESPONDENT ROBERTSHAW CONTROLS COMPANY.

---

Appeals from an order of the Supreme Court, Jefferson County
(Hugh A. Gilbert, J.), entered April 29, 2011. The order, among other
things, granted the motions of defendants Travis Industries, Inc. and
Robertshaw Controls Company for summary judgment.

Now, upon reading and filing the stipulation withdrawing appeals
signed by the attorneys for the parties and filed on October 9, 2012,

It is hereby ORDERED that said appeal taken by defendant Sundance
Pool & Patio, Inc. is unanimously dismissed upon stipulation, said
appeal taken by plaintiff insofar as it concerns defendant Travis
Industries, Inc. is dismissed upon stipulation and the order is
affirmed without costs.

Memorandum: Plaintiff commenced this action as administratrix of
the estate of decedent, who was killed while lighting a pilot on a
fireplace. While decedent was lighting the pilot, an explosion
shattered the front glass enclosure of the fireplace and severed
decedent's left carotid artery, and he bled to death. Defendant
Travis Industries, Inc. manufactured the fireplace, defendant
Robertshaw Controls Company (Robertshaw) manufactured the valve in the
fireplace that stops the flow of gas in the event of a pilot outage,

and defendant Sundance Pool & Patio, Inc. sold and installed the fireplace.  Robertshaw moved for summary judgment dismissing the amended complaint against it on the ground that plaintiff could not establish that any defect in its valve was a substantial cause of the accident.  Specifically, Robertshaw submitted evidence that the valve in question was tested and there was no evidence of any failure or malfunction.  Supreme Court granted the motion, determining that Robertshaw had submitted proof establishing that the accident was not caused by a defect in its valve, and that plaintiff did not controvert that proof with any proof of her own that the valve was defective, but instead relied "solely upon the occurrence of the accident."  We affirm.  Robertshaw submitted proof in admissible form establishing, as a matter of law, that its product was not defective (*see generally Schlanger v Doe*, 53 AD3d 827, 830).  Thus, "[i]n order to proceed in the absence of evidence identifying a specific flaw, . . . plaintiff [was required to] prove that the product did not perform as intended and exclude all other causes for the product's failure that [were] not attributable to" Robertshaw, and here plaintiff failed to raise a triable issue of fact whether the product did not perform as intended (*Speller v Sears, Roebuck & Co.*, 100 NY2d 38, 41).  Plaintiff could not meet her burden by relying solely on the occurrence of the accident, or through mere conclusions or unsubstantiated assertions (*see Rachlin v Volvo Cars of N. Am.*, 289 AD2d 981, 982-983).

Entered:  November 9, 2012                    Frances E. Cafarell
                                              Clerk of the Court