Order, Supreme Court, New York County (Jeffrey K. Oing, J.), entered June 8, 2012, which, to the extent appealed from as limited by the briefs, denied the motion by defendants/third-party plaintiffs Richter & Ratner Contracting Corp. (R&R), Ana Tzarev New York, LLC (ATNY), 24 West 57th APF, LLC, and 24 West 57th Street Realty, LLC (collectively, 24 West 57th) to renew plaintiffs motion for summary judgment as to liability under Labor Law § 240 (1), granted plaintiffs motion to sever the third-party complaint from the main action, and denied defendants/third-party plaintiffs’ motion for summary judgment on their claims for common-law and contractual indemnification against third-party defendant Competition Architectural IVletals, Inc. (Competition), unanimously modified, on the law, to grant ATNY and 24 West 57th summary judgment on their third-party claim for common-law indemnification, and otherwise affirmed, without costs.
The alleged new facts offered by defendants in support of renewal of plaintiffs motion for summary judgment as to liability under Labor Law § 240 (1) do not change the prior determination (see CPLR 2221 [e] [2]). Defendants argued that the decedent’s tool bag, which until recently had been in the decedent’s wife’s possession, contained suction cups that could have anchored the top of the decedent’s ladder to the glass wall against which the otherwise unsecured ladder had been leaning before it slid and collapsed. However, they failed to adduce any evidence that the decedent knew that the suction cups could be used to anchor the top of the ladder to the glass or that he had been directed or knew he was expected to use the suction cups for that purpose (see Gallagher v New York Post, 14 NY3d 83, 88-89 [2010]; Pietrowski v ARE-East Riv. Science Park, LLC, 86 AD3d 467 [1st Dept 2011]; Paz v City of New York, 85 AD3d 519 [1st Dept 2011]).
The court properly severed the third-party action from the main action so as to avoid undue delay of the determination of damages in the main action (see CPLR 1010; Cross v Cross, 112 AD2d 62, 64 [1st Dept 1985]). Given that an issue of fact exists as to whether any negligence on the part of defendant/third-party plaintiff R&R, the general contractor, contributed to the causation of the accident, the court also properly denied R&R’s *480 motion for summary judgment on the third-party claims for common-law and contractual indemnification against Competition, the subcontractor that employed plaintiff’s decedent. However, defendants/third-party plaintiffs ATNY and 24 West 57th, the tenant and owner of the property, respectively, were entitled to summary judgment on their third-party claims for common-law indemnification, inasmuch as Competition neither rebutted the evidence of its own negligence nor adduced any evidence of negligence on the part of either ATNY or 24 West 57th. Concur—Mazzarelli, J.P., Friedman, Manzanet-Daniels, Roman and Clark, JJ.