■ ATHLYN WILLIAMS, Appellant, v RIVER PLACE II, LLC, et al., Respondents, et al., Defendants. [43 NYS3d 347]—

Order, Supreme Court, Bronx County (Julia Rodriguez, J.), entered March 12, 2015, which, to the extent appealed from as limited by the briefs, granted defendants' motions for summary judgment dismissing the Labor Law § 241 (6) claim predicated on violations of Industrial Code (12 NYCRR) §§ 23-1.5 (c) (3) and 23-1.12 (c) (a), the Labor Law § 200 and common-law negligence claims, and the products liability claims, and denied plaintiff's cross motion for spoliation sanctions, unanimously modified, on the law, to deny defendants River Place II, LLC, Larry Silverstein, Silverstein Properties, Inc., Gotham Construction Co., LLC, and Pro Safety Services, LLC's motion for summary judgment dismissing the Labor Law § 241 (6) claim predicated on a violation of Industrial Code (12 NYCRR) § 23-1.5 (c) (3) as against River Place II, Larry Silverstein, and Gotham Construction, and otherwise affirmed, without costs.

Plaintiff claims he was injured while using a power saw with a blade with broken teeth. He further claims he twice asked his supervisor for a replacement blade which was not furnished.

Plaintiff argues that the Labor Law § 241 (6) claim is properly supported by violations of Industrial Code (12 NYCRR) §§ 23-1.5 (c) (3) and 23-1.12 (c) (1). There is no evidence that 12 NYCRR 23-1.12 (c) (1), which requires that a power saw be equipped with "a movable self-adjusting guard below the base plate which will completely cover the saw blade to the depth of the teeth when such saw blade is removed from the cut," was violated. However, evidence that there were teeth missing from the blade of the saw that plaintiff was using when he was injured raises issues of fact whether defendants River Place II, LLC, as the alleged owner, Larry Silverstein as the owner's alleged agent, and Gotham Construction, Co., LLC, as the general contractor, violated 12 NYCRR 23-1.5 (c) (3), which requires that "[a]ll safety devices, safeguards and equipment in use shall be kept sound and operable, and shall be immediately repaired or restored or immediately removed from

the job site if damaged," and whether that violation was a proximate cause of plaintiff's accident (*see Becerra v Promenade Apts. Inc.*, 126 AD3d 557 [1st Dept 2015]; *Perez v 286 Scholes St. Corp.*, 134 AD3d 1085 [2d Dept 2015]). Contrary to plaintiff's contention, defendant Pro Safety Services, LLC, a safety consultant to Gotham Construction, is not subject to liability under Labor Law § 241 (6) (*Cappabianca v Skanska USA Bldg. Inc.*, 99 AD3d 139, 148 [1st Dept 2012]).

Since plaintiff's accident was caused not by a dangerous condition of the work site but by plaintiff's employer's means, methods, and materials, and there is no evidence that defendants River Place II, LLC, Larry Silverstein, Silverstein Properties, Inc., Gotham Construction, Co., LLC, and Pro Safety Services, LLC exercised supervision and control over the injury-causing work, the Labor Law § 200 and common-law negligence claims were correctly dismissed (*see Dalanna v City of New York*, 308 AD2d 400 [1st Dept 2003]). Nor are said defendants liable for any defects in the saw, which was supplied to plaintiff by his employer (*see Zucchelli v City Constr. Co.*, 4 NY2d 52 [1958]; *Lusardi v Regency Joint Venture*, 35 AD2d 264 [1st Dept 1970]; *see also Gonzalez v Perkan Concrete Corp.*, 110 AD3d 955 [2d Dept 2013]).

The manufacturer defendants made a prima facie showing that their power saw was designed and manufactured under state of the art conditions, that their manufacturing process complied with applicable industry standards, and that plaintiff's own misuse of the saw could have caused the accident (*see Ramos v Howard Indus., Inc.*, 10 NY3d 218 [2008]). In opposition, plaintiff relied on the fact that the accident happened, and failed to show that the saw did not perform as intended and that there were no other possible causes for its failure not attributable to the manufacturer defendants (*see Small v Caprara*, 100 AD3d 1353 [4th Dept 2012]). Nor did plaintiff show that the saw, as designed, was not reasonably safe for its use and that it was feasible to design the saw to be safer (*see Voss v Black & Decker Mfg. Co.*, 59 NY2d 102, 108 [1983]).

Plaintiff submitted no evidence that his expert, a civil engineer with a background in building design, was qualified to opine on the design and manufacture of power saws. However, in any event, the expert did not opine that the danger of the saw outweighed its utility, and did not offer a superior alternative design that would have prevented the accident. Although he discussed the use of a riving knife, he did not address defendants' expert's statement that the riving knife, a removable component, would have had to be detached before

plaintiff could perform the pocket cut that he was engaged in at the time of his accident. Nor did plaintiff's expert address defendants' expert's statement that riving knives were not state of the art and that their use increased the failure rates of lower guards, which made the design of the saw less safe.

Plaintiff failed to show that the warnings on the saw and in the manual—warnings that he did not read—were insufficient or that their insufficiency was a proximate cause of the accident (*see Reis v Volvo Cars of N. Am., Inc.*, 73 AD3d 420, 423 [1st Dept 2010]).

In support of his motion for spoliation sanctions, plaintiff made no showing that defendants were ever in possession or control of the saw, which was given to him by his employer. Concur—Friedman, J.P., Moskowitz, Webber, Kahn and Gesmer, JJ.