Canty v 133 E. 79th St., LLC (2018 NY Slip Op 09022)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Canty v 133 E. 79th St., LLC

2018 NY Slip Op 09022

Decided on December 27, 2018

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 27, 2018
Friedman, J.P., Sweeny, Kapnick, Kahn, Singh, JJ.


7936 156588/15

[*1]Thomas Canty, Plaintiff-Appellant-Respondent,
v133 East 79th Street, LLC, Defendant-Respondent-Appellant, Spieler & Ricca Electrical Co., Inc., Defendant-Respondent.

David Horowitz, PC, New York (David Fischman of counsel), for appellant-respondent.
Malapero & Frisco, L.L.P., New York (Francis B. Mann, Jr. of counsel), for respondent-appellant.
Vigorito Barker Patterson Nichols & Porter, Valhalla (Leilani Rodriguez of counsel), for respondent.

Order, Supreme Court, New York County (Lynn Kotler, J.), entered August 18, 2017, which, insofar as appealed, (1) granted defendant Spieler & Ricca Electrical Co., Inc's (Spieler) motion for summary judgment dismissing the complaint against it, (2) granted in part and denied in part defendant 133 East 79th Street, LLC's (133 East) motion for summary judgment dismissing the complaint against it, (3) denied 133 East's motion for summary judgment dismissing Spieler's cross claims for contribution and common-law and contractual indemnification against it, and (4) granted the portion of Spieler's motion for summary judgment dismissing 133 East's cross claim for contractual indemnification against it, and denied as moot the portion seeking dismissal of 133 East's cross claims for contribution and common-law indemnification against Spieler, unanimously modified, on the law, to reinstate plaintiff's negligence claim against Spieler, to grant in full 133 East's motion for summary judgment dismissing the complaint against it, and to dismiss Spieler's cross claim for contribution and common-law and contractual indemnification against 133 East, and otherwise affirmed, without costs.
Plaintiff was searching for a tool in his employer's gang box when the lid of the gang box fell and closed on his left hand. He claims that a Spieler employee had carelessly knocked the lid over when the employee lifted open the lid of a Spieler gang box, which was "back to back" with his employer's gang box, due to overcrowding in the work area. At the time, plaintiff was performing construction work on property owned by defendant 133 East. Lend Lease (US) Construction LMB, Inc., the general contractor, had subcontracted defendant Spieler for electrical work, and plaintiff's employer, Cross Country Construction (Cross Country), for concrete work.
The complaint should not have been dismissed as against Spieler. Plaintiff's deposition testimony set forth circumstantial evidence sufficient to raise an issue of fact as to whether a Spieler employee had carelessly knocked over the lid (see Weicht v City of New York, 148 AD3d 551, 551 [1st Dept 2017]; Angamarca v New York City Partnership Hous. Dev. Fund Co., Inc., 56 AD3d 264, 264-265 [1st Dept 2008]).
The court should have dismissed the common-law negligence and Labor Law § 200 claims against 133 East. The fact that 133 East had submitted only an attorney's affirmation is [*2]not fatal to its motion, as the affirmation incorporated by reference deposition testimony of plaintiff and Spieler's foreman, Laurence Bisso, which had been submitted by Spieler (see Carey v Five Brothers, Inc., 106 AD3d 938, 940 [2d Dept 2013]; Daramboukas v Samlidis, 84 AD3d 719, 721 [2d Dept 2011]).
The facts implicate only the means and methods of work liability standards of Labor Law § 200 (see Cappabianca v Skanska USA Bldg. Inc., 99 AD3d 139, 144 [1st Dept 2012]). The testimony established that 133 East did not have supervisory control over the placement or utilization of the gang boxes.
The court properly dismissed the Labor Law § 241(6) claim against 133 East. Even if plaintiff may properly rely on 12 NYCRR 23-1.5(c)(3) as a predicate, that provision is inapplicable, as the subject gang box is not unguarded or defective power equipment (see Tuapante v LG-39, LLC, 151 AD3d 999 [2nd Dept 2017]; Williams v River Place II, LLC, 145 AD3d 589, 589 [1st Dept 2016]; Becerra v Promenade Apts. Inc., 126 AD3d 557, 558 [1st Dept 2015]). Even if the gang box constituted the type of equipment contemplated by the regulation, nothing indicates that it was defective.
As plaintiff failed to raise an issue of fact as to 133 East's liability on his own negligence and Labor Law § 200 claims, 133 East is entitled to dismissal of Spieler's cross claims for contribution and common-law indemnification against it. Moreover, 133 East is entitled to dismissal of Spieler's cross claim for contractual indemnification, as Spieler has not identified any contract in support of such claim. To the extent 133 East seeks reinstatement of its cross claims for contribution and common-law indemnification, they are denied as moot in light of the foregoing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 27, 2018
CLERK