Urquiza v Park & 76th St., Inc. (2019 NY Slip Op 03744)





Urquiza v Park & 76th St., Inc.


2019 NY Slip Op 03744


Decided on May 14, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 14, 2019

Richter, J.P., Manzanet-Daniels, Webber, Kern, JJ.


158295/13 -590917/13 9318N 590134/14 9318NA 5901180/14 595081/14 595287/17 9317 9316

[*1] Antonio Urquiza, etc., et al., Plaintiffs-Respondents,
v
Park and 76th St., Inc., et al., Defendants, Mary L. Carpenter, et al., Defendants-Appellants, Nordic Custom Builders Inc., Defendant-Respondent. 
[And Third Party Actions]
Antonio Urquiza, etc., et al., Plaintiffs-Respondents,
v
Park and 76th St., Inc., et al., Defendants, Nordic Custom Builders Inc., Defendant-Appellant, 
[And Third Party Actions]
Nordic Custom Builders Inc., Third Third-Party Plaintiff-Appellant,
v
Stephen Gamble, Inc., Third Third-Party Defendant-Respondent.
Antonio Urquiza, etc., et al., Plaintiffs-Respondents,
v
Park and 76th St., Inc., et al., Defendants, Mary L. Carpenter, et al., Defendants-Appellants. 
 [And Third Party Actions]


Mischel & Horn, P.C., New York (Scott T. Horn of counsel), for Mary L. Carpenter and Edmund L. Carpenter, appellants.
Baxter, Smith & Shapiro, P.C., Hicksville (Sim R. Shapiro of counsel), for Nordic Custom Builders Inc., appellant.
Raymond Schwartzberg & Associates, PLLC, New York (Raymond Schwartzberg of counsel), for Antonio Urquiza and Stevens A. Sanguino, respondents.
Congdon, Flaherty, O'Callaghan, Reid, Donlon, Travis & Fishlinger, Uniondale (Michael T. Reagan of counsel), for Stephen Gamble, Inc., respondent.



Order, Supreme Court, New York County (Manuel J. Mendez, J.), entered May 24, 2018, which granted plaintiffs' motion for summary judgment on liability on the Labor Law § 240(1) claim, unanimously affirmed, without costs. Order, same court, Justice, and date of entry, which denied defendant/third third-party plaintiff Nordic Custom Builders, Inc.'s motion for summary judgment dismissing the complaint and any claims as against it and on its third third-party claim for common law indemnification against Stephen Gamble, Inc., unanimously modified, on the law, to dismiss the claim for punitive damages and to dismiss the Labor Law § 241(6) claim except insofar as predicated upon Labor Law § 23-1.7(d), and as so modified, affirmed, without costs. Order, same court, Justice, and date of entry, insofar as it denied defendant/second third-party plaintiffs Mary L. Carpenter and Edmund Carpenter's (defendant owners) motion for summary judgment dismissing the Labor Law §§ 240(1) and 241(6) claims as against them, unanimously reversed, on the law, without costs, and the motion granted. Appeal from order, same court and Justice, entered January 17, 2019, unanimously dismissed, without costs, as moot.
The homeowners' exemption to liability under Labor Law §§ 240(1) and 241(6) is clearly applicable here where defendant owners Edmund and Mary Carpenter did not direct or control the work in their cooperative apartment that they intended to use for personal use (see Affri v Basch, 13 NY3d 592, 595-596 [2009]; Dominguez v Barsalin, LLC, 158 AD3d 532 [1st Dept 2018]; Thompson v Geniesse, 62 AD3d 541 [1st Dept 2009]). Although defendant owners failed to plead the homeowners' exemption as an affirmative defense, Supreme Court should have granted their motion for summary judgment dismissing the complaint "since plaintiff was not surprised by the defense, and fully opposed the motion" (Bautista v Archdiocese of N.Y., 164 AD3d 450, 451 [1st Dept 2018]).
Decedent's action in standing on the radiator casing in front of the open window to accomplish his work was not the sole proximate cause of his accident as he was not provided proper safety devices for working next to the open window (see John v Baharestani, 281 AD2d 114, 117 [1st Dept 2001]). Moreover, while plaintiffs have abandoned their Labor Law § 241(6) claim except insofar as predicated upon Industrial Code § 23-1.7(d), issues of fact exist as to whether a slippery condition existed in violation of that Industrial Code provision where decedent was working while standing on an unsecured plywood board atop the radiator casing next to an open window during a rainstorm (see Bradley v Morgan Stanley & Co., Inc., 21 AD3d 866, 867-868 [2d Dept 2005]; Partridge v Waterloo Cent. School Dist., 12 AD3d 1054, 1056 [4th Dept 2004]). With regard to plaintiffs' Labor Law §§ 200 and common law negligence claims against Nordic and Nordic's claim for common law indemnification against decedent's employer, issues of fact exist as to whether Nordic's site supervisor directed that the work be performed (see Wray v Morse Diesel Intl. Inc., 23 AD3d 260, 261 [1st Dept 2005]) without the authorization of decedent's employer and whether Nordic's site supervisor was an independent contractor for whose acts it is not liable.
Supreme Court should have dismissed the claim for punitive damages (see generally Ross [*2]v Louise Wise Servs., Inc., 8 NY3d 478, 489 [2007]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 14, 2019
CLERK