Mercedes v 248 JD Food Corp. (2020 NY Slip Op 03592)





Mercedes v 248 JD Food Corp.


2020 NY Slip Op 03592


Decided on June 25, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 25, 2020

Friedman, J.P., Richter, Gesmer, Oing, Singh, JJ.


11688 300854/12

[*1] Antonio Mercedes, Plaintiff-Appellant,
v
248 JD Food Corp. doing business as Bravo Supermarket, et al., Defendants, Hobart Corp., Defendant-Respondent.


Joseph R. Bongiorno & Associates, P.C., Mineola (Joseph R. Bongiorno of counsel), for appellant.
Darger, Errante, Yavitz & Blau LLP, New York (Jonathan B. Kromberg of counsel), for respondent.



Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered on or about September 24, 2018, which, inter alia, granted defendant ITW Food Equipment Group LLC's motion for summary judgment dismissing the design defect claims against it, unanimously affirmed, without costs.
Defendant established its prima facie entitlement to judgment as a matter of law in this action where plaintiff butcher alleged that he was injured when, while cleaning meat out of the hopper of the meat mixer-grinder in the supermarket where he worked, the machine turned on, causing the mixing paddles to rotate. Defendant submitted evidence showing that it was not liable because plaintiff's injury was a result of a post-sale modification of the product that disabled its safety system. Defendant's engineer opined that the mixer-grinder had been made to industry standards with a magnetic interlock system meant to cut power to the motor when the hopper guard was opened and left defendant's control in safe condition, but that it had been rewired to bypass the interlock system. To the extent that plaintiff claimed that the cover of the foot pedal was defective, defendant was not the manufacturer of the pedal and irrespective of whether the pedal was defective, plaintiff would not have sustained injury had the interlock system been functioning properly, as it was when the mixer-grinder was sold. A manufacturer is not liable for harm that results from the modification, because "[s]ubstantial modifications of a product from its original condition by a third party which render a safe product defective are not the responsibility of the manufacturer" (Robinson v Reed-Prentice Div. of Package Mach. Co., 49 NY2d 471, 479 [1980]; see Hoover v New Holland N. Am., Inc., 23 NY3d 41, 56-57 [2014]).
In opposition, plaintiff failed to raise a triable issue of fact. He presented no evidence to exclude the probability that the mixer-grinder's operation while the hopper guard was opened was the result of alterations made to the mixer-grinder after defendant sold it (see Ramos v Howard Indus., Inc., 10 NY3d 218, 224 [2008]; Williams v River Place II, LLC, 145 AD3d 589, 590 [1st Dept 2016]). Furthermore, plaintiff's expert, a construction engineer with no background in industrial meat processing machines, provided a conclusory opinion, without [*2]reference to any standards, and did not opine that alternative designs were available or financially feasible (see Ford v Riina, 160 AD3d 588 [1st Dept 2018], lv denied 32 NY3d 913 [2019]; Williams at 590).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 25, 2020
CLERK