Lindemann v VNO 100 W. 33rd St. LLC (2024 NY Slip Op 00047)

Lindemann v VNO 100 W. 33rd St. LLC

2024 NY Slip Op 00047

Decided on January 09, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 09, 2024

Before: Webber, J.P., Gesmer, Kennedy, Rosado, Michael, JJ. 

Index No. 159374/15, 595849/15, 595864/18 Appeal No. 1376 Case No. 2022-03138 

[*1]Scott Lindemann, Plaintiff-Appellant,
v
VNO 100 West 33rd Street LLC et al., Defendants-Respondents.
Icon Interiors, Inc., Third-Party Plaintiff-Respondent,
v
Centre Street Systems, Inc., Third-Party Defendant.
VNO 100 West 33rd Street LLC, Second Third-Party Plaintiff-Respondent,
v
Hi Tech Data Floors, Inc., Second Third-Party Defendant-Respondent.

Gorayeb & Associates, P.C., New York (John M. Shaw of counsel), for appellant.
Ahmuty, Demers & McManus, Albertson (Frank J. Wenick of counsel), for VNO 100 West 33rd Street LLC, and Icon Interiors, respondents.

Order, Supreme Court, New York County (Lyle E. Frank, J.), entered June 27, 2022, which, to the extent appealed from, granted defendants' motion for summary
judgment dismissing the complaint against them, unanimously affirmed, without costs.
The court properly granted defendants' motion for summary judgment. As for plaintiff's Labor Law § 241(6) cause of action, predicated on an alleged violation of Industrial Code (12 NYCRR) § 23-1.7(f), defendants established that no vertical passage as contemplated by that Code provision was required in this instance (see Francescon v Gucci Am., Inc., 105 AD3d 503, 504 [1st Dept 2013]; cf. McGarry v CVP 1 LLC, 55 AD3d 441, 441-442 [1st Dept 2008]). In opposition, plaintiff failed to raise a triable issue of fact as to whether a vertical passage was required.
Plaintiff's Labor Law § 200 and common-law negligence causes of action were properly dismissed since the raised flooring and protruding metal pedestal which allegedly caught plaintiff's foot and caused him to fall were not defects inherent in the property, but were created by the subcontractor's ongoing work and the manner in which it was performed (see Ruisech v Structure Tone Inc., 208 AD3d 412, 415 [1st Dept 2022]; Villanueva v 114 Fifth Ave. Assoc. LLC, 162 AD3d 404, 406 [1st Dept 2018]; Dalanna v City of New York, 308 AD2d 400, 400 [1st Dept 2003]). Defendants further established that they did not exercise supervision and control over the injury-causing work (see Williams v River Place II, LLC, 145 AD3d 589, 590 [1st Dept 2016]; Dalanna at 400). In opposition, plaintiff failed to raise a triable issue of fact as to defendants'
supervision and control.
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 9, 2024