| |
|---|
| **Burkowsky v BOP NE LLC** |
| 2024 NY Slip Op 32175(U) |
| June 27, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 153228/2020 |
| Judge: Arlene P. Bluth |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

**PRESENT:**    <u>**HON. ARLENE P. BLUTH**</u>      **PART**      **14**

*Justice*

---------------------------------------------------------------------------X

STEVEN BURKOWSKY,

                Plaintiff,

           - v -

BOP NE LLC, BROOKFIELD PROPERTIES, INC.,

              Defendant.

---------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 153228/2020 |
| **MOTION DATE** | 06/24/2024 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67

were read on this motion to/for      <u>JUDGMENT - SUMMARY</u> .

Defendants' motion for summary judgment dismissing plaintiff's complaint is granted in part and denied in part and plaintiff's cross-motion for summary judgment on his Labor Law § 241(6) claim is denied.

**Background**

This Labor Law action concerns an accident that happened when plaintiff was working as an electrician for a non-party ("Corporate Electric") at a construction site in Manhattan. At his deposition, plaintiff testified that he was told to retrieve two boxes of materials which "were in the closet with the pipe. There were two boxes which I'd say were about 16 by 16 by 12 filled with connectors, straps, all sorts of other assorted materials that I needed for the job" (NYSCEF Doc. No. 43 at 99). He noted there were these two boxes and a "bundle" of pipe (*id*.).

Plaintiff testified that he knew his task for that day as it was the same thing he had been working on the previous Friday (the accident happened on a Monday) (*id*. at 102-03). He added that he got in the elevator with a coworker who was going to take the boxes and "I went to get

[* 1]

the material. I walked in, handed the boxes, walked out. Walked back in, got the pipe, went to walk out, my shoelaces got caught on my left boot on that piece of rebar that was attached to the ground in an L shape and then I fell. So that's what I remember" (*id*. at 112).

Plaintiff alleges that he took about two or three steps before his accident while the pipes were on his shoulder (*id*. at 146-47). He insists that his foot "got caught in the rebar and because it got stuck, my body jerked forward, the pipe started falling off my shoulder and I fell flat on the ground and I covered by my face with my hands so I wouldn't smash my face on the ground" (*id*. at 149). After he fell, plaintiff says he looked around and noticed the rebar (*id*. at 159).

**Labor Law § 240(1)**

Defendants move to dismiss plaintiff's Labor Law § 240(1) claim on the ground that this accident does not involve a gravity-related injury. Plaintiff did not oppose this branch of the motion and so the Court severs and dismisses this cause of action.

**Labor Law § 241(6)**

"The duty to comply with the Commissioner's safety rules, which are set out in the Industrial Code (12 NYCRR), is nondelegable. In order to support a claim under section 241(6). . . the particular provision relied upon by a plaintiff must mandate compliance with concrete specifications and not simply declare general safety standards or reiterate common-law principles" (*Misicki v Caradonna*, 12 NY3d 511, 515, 882 NYS2d 375 [2009]). "The regulation must also be applicable to the facts and be the proximate cause of the plaintiff's injury" *(Buckley v Columbia Grammar and Preparatory*, 44 AD3d 263, 271, 841 NYS2d 249 [1st Dept 2007]).

"Section 241(6) subjects owners and contractors to liability for failing to adhere to required safety standards whether or not they themselves are negligent. Supervision of the work, control of the worksite, or actual or constructive notice of a violation of the Industrial Code are

**153228/2020  BURKOWSKY, STEVEN vs. BOP NE LLC**                                          **Page 2 of 7**
   **Motion No.  001**

2 of 7

not necessary to impose vicarious liability against owners and general contractors, so long as some actor in the construction chain was negligent" (*Leonard v City of New York*, 216 AD3d 51, 55-56, 188 NYS3d 471 [1st Dept 2023]).

Defendants move to dismiss plaintiff's claims pursuant to this subsection, which rely upon Industrial Code sections 23-1.5, 23-1.7, 23-1.21, 23-1.30, 23-2.1, and 23-2.7. In his opposition, plaintiff only addresses 23-1.7(e)(2) and 23-1.30.  The remaining Industrial Code sections are therefore dismissed as plaintiff did not address them in his opposition.

*23-1.7(e)(2)*

12 NYCRR 23-1.7(e)(2) is titled "tripping and other hazards" and provides that "Working areas. The parts of floors, platforms and similar areas where persons work or pass shall be kept free from accumulations of dirt and debris and from scattered tools and materials and from sharp projections insofar as may be consistent with the work being performed."

Defendants contend that the accident did not happen in a working area under the Industrial Code. They also contend that the rebar over which plaintiff tripped was neither dirt nor debris, nor was it a sharp projection.  Defendants argue that instead, the rebar was an integral part of the work relating to the construction of the floor.

Plaintiff opposes this branch of the motion and cross-moves for summary judgment as to this Industrial Code section. He insists that the rebar was not integral to the work being performed and cites to his expert affidavit for the proposition that the rebar was likely left there as a construction error.  Plaintiff argues that the rebar was also a sharp projection.

The Court severs and dismisses this branch of plaintiff's Labor Law § 241(6) claim on the ground that plaintiff did not trip in an area "where persons work or pass." Plaintiff tripped

**153228/2020  BURKOWSKY, STEVEN vs. BOP NE LLC**
**Motion No.  001**

**Page 3 of 7**

3 of 7

while in a closet, which means it was not a passageway. "Although the regulations do not define the term 'passageway' ..., courts have interpreted the term to mean a defined walkway or pathway used to traverse between discrete areas as opposed to an open area" (*Quigley v Port Auth. of New York*, 168 AD3d 65, 67, 90 NYS3d 156 [1st Dept 2018] [internal quotations and citations omitted]). That plaintiff had to walk through another area to get to the closet is of no moment because he testified that he fell while in the closet.

And the First Department has held that a storage area is not a working area under the meaning of 23-1.7(e)(2) (*Dachille v Metropolitan Life Ins. Co.*, 262 AD2d 149, 149, 692 NYS2d 47 [1st Dept 1999]). The Court also finds that the rebar did not constitute "dirt," "debris," scattered tools or materials" or a "sharp projection" (*see Dalanna v City of New York*, 308 AD2d 400, 401, 764 NYS2d 429 [1st Dept 2003] [finding that a protruding bolt that plaintiff tripped over while carrying a pipe did not fall under Industrial Code section 23-1.7(e)(2)]).

*23-1.30*

This Industrial Code section refers to adequate lighting and provides that "Illumination sufficient for safe working conditions shall be provided wherever persons are required to work or pass in construction, demolition and excavation operations, but in no case shall such illumination be less than 10 foot candles in any area where persons are required to work nor less than five foot candles in any passageway, stairway, landing or similar area where persons are required to pass."

The Court denies this branch of defendants' motion as plaintiff testified that the two lightbulbs located in the closet were not working on the day of his accident (NYSCEF Doc. No.

153228/2020 BURKOWSKY, STEVEN vs. BOP NE LLC
Motion No. 001

Page 4 of 7

43 at 119). This raises an issue of fact as to whether there was appropriate lighting where, as here, the place where the accident happened alleged had no lighting at all.

That defendants argue that plaintiff admits to seeing some things in the area is merely an issue of fact for the jury to consider. The Court cannot find, as a matter of law, that the lighting met the relevant standard on this record as there is no definitive proof concerning the lighting in this closet.

**Labor Law § 200**

Labor Law § 200 "codifies landowners' and general contractors' common-law duty to maintain a safe workplace" (*Ross v Curtis-Palmer Hydro-Electric Co.*, 81 NY3d 494, 505, 601 NYS2d 49 [1993]). "[R]ecovery against the owner or general contractor cannot be had unless it is shown that the party to be charged exercised some supervisory control over the operation . . . [A]n owner or general contractor should not be held responsible for the negligent acts of others over whom the owner or general contractor had no direction or control" (*id.* [internal quotations and citation omitted]).

"Claims for personal injury under this statute and the common law fall under two broad categories: those arising from an alleged defect or dangerous condition existing on the premises and those arising from the manner in which the work was performed" (*Cappabianca v Skanska USA Bldg. Inc.*, 99 AD3d 139, 143-44, 950 NYS2d 35 [1st Dept 2012]). "Where an existing defect or dangerous condition caused the injury, liability attaches if the owner or general contractor created the condition or had actual or constructive notice of it" (*id.* at 144).

Defendants point to the affidavit of Mr. Pennotti, the construction superintendent for non-party Tishman (seemingly the general contractor), who claims that the rebar was part of another contractor's work (Navillus) (NYSCEF Doc. No. 47, ¶ 3). They contend that Navillus controlled

**153228/2020   BURKOWSKY, STEVEN vs. BOP NE LLC**
**Motion No.  001**

Page 5 of 7

5 of 7

the means and methods of its work so defendants are not responsible under a Labor Law § 200 theory.

Plaintiff emphasizes in opposition that the exposed rebar was a dangerous condition that defendants should not have permitted to exist at the jobsite. He argues that it appears that Navillus' work was not yet completed (as concrete would be filled in around the rebar) and so defendants had a duty to ensure that other workers on site did not trip over this dangerous condition.

The Court grants this branch of defendants' motion. As noted above, claims under Labor Law § 200 fall under two categories: dangerous conditions and those arising from the means and methods of a plaintiff's work. Here, plaintiff contends that there was a dangerous condition and so he had to raise an issue of fact that defendants either created this dangerous condition or had actual or constructive notice of it. There is little dispute that the contractor Navillus laid down the rebar—therefore, the key issue is defendants' notice about the protruding rebar.

The problem is that plaintiff's papers are wholly silent on the notice issue; in fact, the word notice does not appear at all in either plaintiff's affirmation in support of his cross-motion (NYSCEF Doc. No. 56) or in his reply papers (NYSCEF Doc. No. 66). Although plaintiff references poor coordination between the trades and that there were inadequate inspections, plaintiff did not sufficiently explain or argue that how this raises an issue of fact that defendants had either actual or constructive notice of the rebar that caused plaintiff to trip. This Court cannot make that connection or those arguments on plaintiff's behalf.

Accordingly, it is hereby

**153228/2020 BURKOWSKY, STEVEN vs. BOP NE LLC**
**Motion No. 001**

**Page 6 of 7**

6 of 7

ORDERED that defendants' motion for summary judgment is granted in all respects except to the extent that plaintiff's Labor Law § 241(6) claim reliant upon 23-1.30 (Illumination) remains; and it is further

ORDERED that plaintiff's cross-motion for summary judgment is denied.

| 6/27/2024 | | |
|---|---|---|
| **DATE** | | **ARLENE P. BLUTH, J.S.C.** |

| CHECK ONE: | | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|---|
| | | ☐ GRANTED ☐ DENIED | ☐ GRANTED IN PART | ☒ OTHER |
| APPLICATION: | | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**153228/2020   BURKOWSKY, STEVEN vs. BOP NE LLC**
**Motion No.  001**

**Page 7 of 7**

7 of 7