Cioppa v ESRT 112 W. 34th St., L.P. (2024 NY Slip Op 05482)

Cioppa v ESRT 112 W. 34th St., L.P.

2024 NY Slip Op 05482

Decided on November 07, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 07, 2024

Before: Moulton, J.P., Friedman, Mendez, Shulman, Rodriguez, JJ. 

Index No. 158449/17 Appeal No. 2972 Case No. 2023-04810 

[*1]Frank Cioppa et al., Plaintiffs-Appellants,
v
ESRT 112 West 34th Street, L.P., et al., Defendants-Respondents.
Americon Construction Inc. et al., Third-Party Plaintiffs-Respondents,
v
Ess & Vee Acoustical Contractors Inc., Third-Party Defendant-Respondent.

Michael H. Zhu P.C., Rego Park (Michael H. Zhu of counsel), for appellants.
Ahmuty, Demers & McManus, Albertson (Nicholas P. Calabria of counsel), for ESRT 112 West 34th Street, L.P. and Empire State Realty Trust, Inc., respondents.
McMahon, Martine & Gallagher, LLP, Brooklyn (Artie Venti of counsel), for ESS & VEE Acoustical Contractors Inc., respondent.

Order, Supreme Court, New York County (Alexander M. Tisch, J.), entered on or about September 22, 2023, which, to the extent appealed from as limited by the briefs, granted the motions of defendant Americon Construction Inc. and third-party defendant Ess & Vee Acoustical Contractors Inc. (together, defendants) for summary judgment dismissing the Labor Law § 241 (6) claim predicated on Industrial Code (12 NYCRR) § 23-1.7 (e) (2), and denied plaintiffs' motion for partial summary judgment on that claim, unanimously affirmed, without costs.
Plaintiff fell after stepping into a hole in a piece of plywood and then into a hole in the floor. The plywood was used as temporary flooring over an unfinished and uneven concrete floor.
The court properly granted defendants summary judgment dismissing the Labor Law § 241 (6) claim based on a violation of Industrial Code (12 NYCRR) § 23-1.7 (e) (2), which provides:
"Working areas. The parts of floors, platforms and similar areas where persons work or pass shall be kept free from accumulations of dirt and debris and from scattered tools and materials and from sharp projections insofar as may be consistent with the work being performed."
On its face, section 23-1.7(e)(2) does not apply to all potential tripping hazards but only to "accumulations of dirt and debris," "scattered tools and materials," and "sharp projections." As plaintiff admitted in his deposition testimony, the perforated plywood board on which he tripped had been deliberately placed on the stripped floor as a protective measure, in response to plaintiff's own complaints. Thus, as a matter of law, the plywood board, notwithstanding its hole, could not be described as an "accumulation[] of . . . debris" or as part of a "scatter[ing]" of "tools and materials" (see Dalanna v City of New York, 308 AD2d 400, 401 [1st Dept 2003] [dismissing the Labor Law § 241(6) claim, predicated on Industrial Code § 23-1.7(e)(2), of a plaintiff who had tripped on a bolt "embedded in the ground," because the bolt "was not 'dirt,' 'debris,' 'scattered tools and materials,' or a 'sharp projection,' as required by the latter provision"]). Accordingly, as a matter of law, the plywood board did not fall within the scope of Industrial Code § 23-1.7(e)(2).[FN1]
Finally, since the plywood was not a hazard within the scope of the Industrial Code provision on which plaintiffs rely, we need not consider whether the use of a perforated plywood board was integral to the work. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT. 
ENTERED: November 7, 2024

Footnotes

Footnote 1: The holding in Bazdaric v Almah Partners LLC (41 NY3d 310 [2024]) that a plastic covering on which a worker slipped constituted a "foreign substance which may cause slippery footing" within the meaning of Industrial Code § 23-1.7(d) (id. at 319-320) does not mean that the deliberately placed plywood board in this case constituted an "accumulation[] of . . . debris" or "scattered . . . material" within the meaning of section 23-1.7(e)(2). Neither does this Court's recent decision in Lourenco v City of New York (228 AD3d 577 [1st Dept 2024]) support plaintiffs' position. In Lourenco, we granted the plaintiff summary judgment as to liability on his Labor Law § 241(6) claim insofar as predicated on a violation of Industrial Code § 23-1.7(e)(2) because the record established that the plastic sheeting on which plaintiff tripped was "debris" that had been "discarded" from a previous stage of the work (228 AD3d at 578, 580).