Dluzen v Equinox Group (2025 NY Slip Op 05486)

Dluzen v Equinox Group

2025 NY Slip Op 05486

Decided on October 07, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 07, 2025

Before: Manzanet-Daniels, J.P., Kennedy, Shulman, Michael, Hagler, JJ. 

Index No. 158205/21|Appeal No. 4886|Case No. 2024-04577|

[*1]Mary Dluzen, Plaintiff-Respondent,
v
Equinox Group, Defendant-Respondent, Woodway Treadmills, Defendant-Appellant.

Law Offices of Eric D. Feldman, New York (Evy L. Kazansky of counsel), for appellant.
Meirowitz & Wasserberg, LLP, New York (Aaron D. Fine of counsel), for respondent.

Order, Supreme Court, New York County (Eric Schumacher, J.), entered on or about July 15, 2024, which, to the extent appealed from, denied the motion of defendant Woodway Treadmills for summary judgment dismissing the causes of action for negligence (first cause of action), strict liability manufacturing defect and/or design defect (second cause of action), and failure to warn (third cause of action) and all cross-claims as against it, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment dismissing the complaint as against Woodway.
Plaintiff alleges that she was injured when she fell from a treadmill manufactured and designed by defendant Woodway while using the treadmill at a fitness center owned and operated by defendant Equinox Group. Specifically, plaintiff alleges that a software defect caused the treadmill to spontaneously accelerate when she turned it on, and that the stop button on the display had to be held down to turn off the treadmill completely.
Woodway sustained its burden of establishing prima facie that its treadmill contained no manufacturing or design defect. The testimony of Woodway's research and development manager, submitted on Woodway's motion, established that the treadmill was extensively tested during design and manufacture, equipped with multiple safety features, programmed to have a start speed of zero and to shut down under unexpected conditions, and individually tested for 45 minutes before shipment (see Ramos v Howard Indus., Inc., 10 NY3d 218, 223-224 [2008]).
In opposition, plaintiff's experts, both of whom were licensed engineers, failed to raise an issue of fact regarding manufacturing or design defect. One of the experts conducted no diagnostic testing and based his conclusions solely on the happening of the accident; thus, his conclusion that a software defect, rather than a physical defect, caused the treadmill to behave abnormally is speculative (id. at 224). Plaintiff's other expert concluded that the stop button was defective, yet did not identify any industry standards with which the stop button did not comply (see Williams v River Place II, LLC, 145 AD3d 589, 590 [1st Dept 2016]). Furthermore, neither expert opined that the danger of the of the treadmill outweighed its risks, nor did either expert offer a superior alternative design (id.).
Moreover, Woodway sustained its burden of establishing prima facie entitlement to summary judgment on the cause of action for failure to warn. The record established that plaintiff was a knowledgeable user and had extensive familiarity and experience with treadmills, including this specific treadmill. Thus, any warning about the danger of a possible sudden acceleration or the need to hold down the stop button to stop the machine would have been superfluous in light of plaintiff's actual knowledge of the specific hazard that caused her injury (see Liriano v Hobart Corp., 92 NY2d 232, 237 [1998]).
Supreme Court should also have dismissed the cause of action for negligence, as "there is almost no difference between a prima facie case in negligence and one in strict liability" (Preston v Peter Luger Enters., Inc., 51 AD3d 1322, 1325 [3d Dept 2008]). The record demonstrates that Woodway did not have actual or constructive notice of any condition affecting the treadmill.
Given that Woodway is not liable on any of the causes of action in the complaint, Equinox's cross-claims must be dismissed (see Stone v Williams, 64 NY2d 639, 642 [1984]). THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 7, 2025