Russell v Lenox Hill Hosp. (2026 NY Slip Op 00216)

Russell v Lenox Hill Hosp.

2026 NY Slip Op 00216

Decided on January 15, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 15, 2026

Before: Kennedy, J.P., Gesmer, Rodriguez, Pitt-Burke, Chan, JJ. 

Index No. 154970/19|Appeal No. 5599|Case No. 2024-06451|

[*1]James Russell, Plaintiff-Respondent,
vLenox Hill Hospital, Defendant-Appellant-Respondent.
Lenox Hill Hospital, Third-Party Plaintiff-Appellant-Respondent,
vRad Source Technologies, Inc., Third-Party Defendant-Respondent-Appellant.

Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Patrick J. Lawless of counsel), for appellant-respondent.
Law Office of Eric D. Feldman, New York (Evy L. Kazansky of counsel), for respondent-appellant.
Law Offices of Elan Wurtzel, P.C., Plainview (Beth S. Gereg of counsel), for respondent.

Order, Supreme Court, New York County (Eric Schumacher, J.), entered September 26, 2024, which, to the extent appealed from as limited by the briefs, denied defendant Lenox Hill Hospital's motion for summary judgment dismissing plaintiff's Labor Law §§ 240(1) and 200 claims and his common-law negligence claim, granted plaintiff's motion for summary judgment on liability on his Labor Law § 240(1) claim, and denied third-party defendant Rad Source Technologies' motion to dismiss the third-party complaint, unanimously reversed, on the law, without costs, and the complaint and the third-party complaint dismissed. The Clerk is directed to enter judgment accordingly.
Plaintiff was an employee of a nonparty delivery service, which Rad Source engaged to transport a blood irradiator machine to Lenox Hill. When plaintiff arrived at Lenox Hill, the loading dock supervisor told him that the delivery truck was too tall to enter the loading dock and suggested that he deliver the machine through the side door. As plaintiff and his two helpers started unloading the machine it started to roll toward plaintiff, trapping his leg and causing him to fall backwards off the truck.
Supreme Court should have dismissed the complaint as against Lenox Hill, because plaintiff was not a covered worker engaged in a protected activity under Labor Law § 240(1) (see Treacy v Inspired Event Prods., LLC, 192 AD3d 444, 445 [2021]; Chiarello v J & D Leasing Co., 299 AD2d 183 [1st Dept 2002]). Although electrical work, including new conduit lines and electrical panels, had been performed inside the hospital to accommodate the machine, that work was finished before the delivery, and in any event did not involve plaintiff or his employer (see Beehner v Eckerd Corp., 3 NY3d 751, 752 [2004]; Adair v Bestek Light. & Staging Corp., 298 AD2d 153, 153 [1st Dept 2002]), and was not "necessary and incidental" to protected activity (Rodriguez v Riverside Ctr. Site 5 Owner LLC, 240 AD3d 452, 454 [1st Dept 2025] [internal quotation marks omitted]). Nor did Lenox Hill supervise or control the means and methods of plaintiff's work so as to impose Labor Law § 200 liability on it, as the loading dock supervisor's actions did not constitute supervision for the purposes of Labor Law liability (see Dalanna v City of New York, 308 AD2d 400, 400 [1st Dept 2003]). Moreover, Lenox Hill had no authority to supervise plaintiff and had no relationship with his employer, whose contract was with Rad Source alone (see id.).
To the extent not rendered academic by our dismissal of plaintiff's complaint, Supreme Court should also have dismissed the third-party complaint. Even assuming that plaintiff's employer was negligent, the employer was an independent contractor, and Rad Source therefore cannot be held liable for its negligence (see Linder v United Metro Energy Servs. Corp., 193 AD3d 513, 514 [1st Dept 2021]). We reject Lenox Hill's argument that plaintiff's activity was inherently dangerous and therefore is an exception to the independent contractor rule, as there is no authority providing that working as a delivery driver is an inherently dangerous activity.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 15, 2026