In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (McDonald, J.), entered May 24, 2011, as granted those branches of the motion of the defendants Thatch, Ripley & Co., LLC, and Macklowe Properties, Inc., which were for summary judgment dismissing the causes of action alleging common-law negligence and violations of Labor Law §§ 200 and 240 (1) insofar as asserted against them, and denied that branch of his cross motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against those defendants, and the third-party defendant cross-appeals, as limited by its brief, from so much of the same order as granted those branches of the motion of the defendants Thatch, Ripley & Co., LLC, and Macklowe Properties, Inc., which were for summary judgment dismissing the causes of ac *1044 tion alleging common-law negligence and violation of Labor Law § 200 insofar as asserted against those defendants and on the cross claim of those defendants for contractual indemnification against it, denied that branch of the motion of those defendants, joined in by the third-party defendant, which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241 (6) insofar as asserted against those defendants, and granted that branch of the plaintiff’s cross motion which was for leave to amend the bill of particulars to allege violations of 12 NYCRR 23-4.2.
Ordered that the cross appeal from so much of the order as granted those branches of the motion of the defendants Thatch, Ripley & Co., LLC, and Macklowe Properties, Inc., which were for summary judgment dismissing the causes of action alleging common-law negligence and violations of Labor Law § 200 insofar as asserted against them is dismissed, without costs or disbursements, as the third-party defendant-respondent-appellant is not aggrieved by that portion of the order cross-appealed from {see CPLR 5511); and it is further,
Ordered that the order is modified, on the law, by deleting the provisions thereof granting those branches of the motion of the defendants Thatch, Ripley & Co., LLC, and Macklowe Properties, Inc., which were for summary judgment dismissing the causes of action alleging common-law negligence and violations of Labor Law §§ 200 and 240 (1) insofar as asserted against them and on their cross claim for contractual indemnification against the third-party defendant, and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from and insofar as reviewed on the cross appeal, without costs or disbursements.
The plaintiff, an employee of the third-party defendant, Sorbara Construction Corporation (hereinafter Sorbara), allegedly was injured when he fell while he was working on a project to construct a new condominium building. According to the plaintiff, on the date of the accident, a trench approximately 10 feet wide and 8 feet deep surrounded the work site. As the plaintiff recounted it, three or four planks, which the plaintiff estimated to be 10 feet long, were placed across the trench at a “slight decline,” and served as the only way into and out of the site. The plaintiff alleged that he was instructed by his foreman to bring some lumber onto the site. As he was walking across the planks, carrying lumber on his shoulders, the planks “opened up,” causing him to fall into the trench.
The plaintiff commenced this action to recover damages against the owner of the site, the defendant Thatch, Ripley & *1045 Co., LLC (hereinafter Thatch), the property manager, the defendant Macklowe Properties, Inc. (hereinafter Macklowe), and the construction manager, the defendant and third-party plaintiff Gotham Greenwich Construction Company, LLC (hereinafter Gotham). Gotham impleaded Sorbara, and Thatch and Macklowe (hereinafter together the Thatch defendants) asserted cross claims against Sorbara seeking, among other things, contractual indemnification.
In an order entered May 24, 2011, the Supreme Court, inter alia, granted those branches of the Thatch defendants’ motion which were for summary judgment dismissing the causes of action alleging common-law negligence and violations of Labor Law §§ 200 and 240 (1) insofar as asserted against them and on their cross claim for contractual indemnification against Sorbara, denied that branch of the plaintiffs cross motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1), and granted that branch of the plaintiffs cross motion which was for leave to amend his bill of particulars to allege violations of 12 NYCRR 23-4.2. The plaintiff appeals, and Sorbara cross-appeals, from stated portions of the order. We modify.
The Supreme Court should have denied that branch of the Thatch defendants’ motion which was for summary judgment dismissing the Labor Law § 240 (1) cause of action insofar as asserted against them. Liability under Labor Law § 240 (1) depends on whether the injured worker’s “task creates an elevation-related risk of the kind that the safety devices listed in section 240 (1) protect against” (Broggy v Rockefeller Group, Inc., 8 NY3d 675, 681 [2007]). The kind of accident triggering Labor Law § 240 (1) coverage is one that will sustain the allegation that an adequate “ ‘scaffold, hoist, stay, ladder or other protective device’ ” would have “ ‘shield[ed] the injured worker from harm directly flowing from the application of the force of gravity to an object or person’ ” (Runner v New York Stock Exch., Inc., 13 NY3d 599, 604 [2009] [emphasis removed], quoting Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 501 [1993]; see Salazar v Novalex Contr. Corp., 18 NY3d 134, 139 [2011]). “[T]he single decisive question [in determining whether Labor Law § 240 (1) is applicable] is whether plaintiffs injuries were the direct consequence of a failure to provide adequate protection against a risk arising from a physically significant elevation differential” (Runner v New York Stock Exch. Inc., 13 NY3d at 603; see La Veglia v St. Francis Hosp., 78 AD3d 1123, 1127 [2010]). Here, the plaintiff allegedly was injured while engaged in a task that entailed an elevation-related risk. *1046 Furthermore, contrary to the Thatch defendants’ contention, the planks from which the plaintiff allegedly fell were being utilized in the performance of his work and were, under the circumstances, the functional equivalent of a scaffold meant to prevent the plaintiff from falling into the eight-foot-deep trench (see McCay v J.A. Jones-GMO, LLC, 74 AD3d 615 [2010]; De Jara v 44-14 Newtown Rd. Apt. Corp., 307 AD2d 948, 950 [2003]; Missico v Tops Mkts., 305 AD2d 1052 [2003]; see also Ervin v Consolidated Edison of N.Y., 93 AD3d 485 [2012]; Auriemma v Biltmore Theatre, LLC, 82 AD3d 1, 8-9 [2011]). Therefore, the Thatch defendants failed to establish, prima facie, that the plaintiff’s alleged injuries were not the direct consequence of a failure to provide adequate protection against a risk arising from a physically significant elevation differential.
However, the plaintiff is not entitled to summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1). In opposition to the plaintiffs prima facie showing of entitlement to judgment as a matter of law, the defendants raised a triable issue of fact as to whether the trench described by the plaintiff and his coworker actually existed, and whether an accident occurred in the manner alleged by the plaintiff (see e.g. Kamolov v BIA Group, LLC, 79 AD3d 1101 [2010]).
The Supreme Court also should have denied that branch of the Thatch defendants’ motion which was for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200 insofar as asserted against them. Labor Law § 200 codifies the common-law duty to maintain a safe work site (see Rizzuto v L.A. Wenger Contr. Co., 91 NY2d 343, 352 [1998]). Where, as here, a plaintiff contends that an accident occurred because a dangerous condition existed on the premises where work was being undertaken, an owner moving for summary judgment dismissing causes of action alleging common-law negligence and a violation of Labor Law § 200 has the initial burden of making a prima facie showing that it neither created the dangerous condition nor had actual or constructive notice of its existence (see Rodriguez v BCRE 230 Riverdale, LLC, 91 AD3d 933, 934 [2012]; Slikas v Cyclone Realty, LLC, 78 AD3d 144, 148-149 [2010]; Chowdhury v Rodriguez, 57 AD3d 121, 128 [2008]). To provide constructive notice, the defect must be visible and apparent and exist for a sufficient length of time prior to the accident to permit the defendant to discover and remedy it (see Gordon v American Museum of Natural History, 67 NY2d 836, 837 [1986]). Here, in opposition to the Thatch defendants’ prima facie showing of *1047 entitlement to judgment as a matter of law, the plaintiff raised a triable issue of fact as to whether the Thatch defendants had constructive notice of a dangerous premises condition by adducing evidence that the trench and planks from which he allegedly fell had existed for approximately six months prior to the occurrence of the accident.
The Supreme Court properly denied that branch of the Thatch defendants’ motion, joined in by Sorbara, which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241 (6) insofar as asserted against the Thatch defendants, and properly granted that branch of the plaintiffs cross motion which was for leave to amend his bill of particulars to allege violations of Industrial Code provision 12 NYCRR 23-4.2. To recover under Labor Law § 241 (6), a plaintiff must establish that, in connection with construction, demolition, or excavation, an owner or general contractor violated an Industrial Code provision which sets forth specific, applicable safety standards (see Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d at 503-505; Weingarten v Windsor Owners Corp., 5 AD3d 674 [2004]). “[L]eave to amend the pleadings to identify a specific, applicable Industrial Code provision ‘may properly be granted, even after the note of issue has been filed, where the plaintiff makes a showing of merit, and the amendment involves no new factual allegations, raises no new theories of liability, and causes no prejudice to the defendant’ ” (D’Elia v City of New York, 81 AD3d 682, 684 [2011], quoting Galarraga v City of New York, 54 AD3d 308, 310 [2008]; see Jara v New York Racing Assn., Inc., 85 AD3d 1121, 1123 [2011]; Dowd v City of New York, 40 AD3d 908, 911 [2007]). The defendants failed to sustain their prima facie burden of demonstrating that the Industrial Code provision governing hazardous openings (see 12 NYCRR 23-1.7 [b] [1]), which was relied on by the plaintiff in his bill of particulars, was either factually inapplicable to this case or was satisfied. Further, the Supreme Court properly granted leave to amend the bill of particulars to add the Industrial Code provision governing trench and area-type excavations (see 12 NYCRR 23-4.2 [h], [i]) since the amendment will not prejudice the defendants and the proposed amendment has merit (see D’Elia v City of New York, 81 AD3d at 684).
Finally, the Supreme Court should have denied that branch of the Thatch defendants’ motion which was for summary judgment on their cross claim for contractual indemnification against Sorbara. “[A] party seeking contractual indemnification must prove itself free from negligence, because to the extent its negligence contributed to the accident, it cannot be indemnified *1048 therefor” (Cava Constr. Co., Inc. v Gealtec Remodeling Corp., 58 AD3d 660, 662 [2009]; see General Obligations Law § 5-322.1; Rodriguez v Tribeca 105, LLC, 93 AD3d 655 [2012]; Baillargeon v Kings County Waterproofing Corp., 91 AD3d 686, 688 [2012]). The Thatch defendants failed to make such a prima facie showing. Angiolillo, J.P., Eng, Lott and Cohen, JJ., concur.