■ ROBERTO CASTANO PEREZ, Appellant, v 286 SCHOLES ST. CORP. et al., Respondents. [22 NYS3d 545]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Ruchelsman, J.), dated July 30, 2014, as granted that branch of the defendants' motion which was for summary judgment dismissing so much of the complaint as alleged a violation of Labor Law § 241 (6).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendants' motion which was for summary judgment dismissing so much of the complaint as alleged a violation of Labor Law § 241 (6) is denied.

The plaintiff allegedly was injured while repairing a gate on premises occupied by the defendant Flaum Appetizing Corp. and owned by the defendant 286 Scholes St. Corp. The plaintiff testified at his deposition that he was using a grinder, from which a "protector" had been removed, to cut a sheet of metal in order to repair the gate. A piece of the sheet of metal and a piece of the grinder shot out, striking his left hand and injuring him.

The plaintiff commenced this action alleging, inter alia, that the defendants violated section 23-1.5 (c) (3) of the Industrial Code (12 NYCRR 23-1.5 [c] [3]) and thereby were liable under Labor Law § 241 (6). Following discovery, the defendants moved for summary judgment dismissing so much of the complaint as alleged a violation of Labor Law § 241 (6). The Supreme Court granted the defendants' motion, holding, inter alia, that 12 NYCRR 23-1.5 (c) (3) is not sufficiently specific to support a cause of action under Labor Law § 241 (6).

Labor Law § 241 (6) imposes on owners and contractors a nondelegable duty to "provide reasonable and adequate protection and safety to persons employed in, or lawfully frequenting, all areas in which construction, excavation or demolition work is being performed" (*Lopez v New York City Dept. of Envtl. Protection*, 123 AD3d 982, 983 [2014]). As a predicate to a section 241 (6) cause of action, a plaintiff must allege a violation of a concrete specification promulgated by the Commissioner of the Department of Labor in the Industrial Code (*see Misicki v Caradonna*, 12 NY3d 511, 515 [2009]; *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 505 [1993]).

In *Misicki*, the Court of Appeals held that 12 NYCRR 23-9.2 (a) was sufficiently concrete and specific to serve as a predicate to a section 241 (6) cause of action (*see Misicki v Caradonna*, 12 NY3d at 520-521). In particular, the Court focused on the following portion of the provision: " 'Upon discovery, any structural defect or unsafe condition in such equipment shall be corrected by necessary repairs or replacement' " (*id.* at 520, quoting 12 NYCRR 23-9.2 [a]). The Court found that this portion of section 23-9.2 (a) imposes an affirmative duty and " 'mandates a distinct standard of conduct' " (*id.* at 521, quoting *Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 351 [1998]).

Here, the plaintiff's Labor Law § 241 (6) claim is predicated on an alleged violation of 12 NYCRR 23-1.5 (c) (3), which provides that "[a]ll safety devices, safeguards and equipment in use shall be kept sound and operable, and shall be immediately repaired or restored or immediately removed from the job site if damaged." Sections 23-9.2 (a) and 23-1.5 (c) (3) each set forth an action to be taken ("corrected by necessary repairs or replacement"; "repaired or restored . . . [or] removed") and set forth the trigger or time frame for taking such action ("[u]pon discovery"; "immediately . . . if damaged"). Therefore, in light of the holding of the Court of Appeals in *Misicki*, we hold that 12 NYCRR 23-1.5 (c) (3) is sufficiently concrete and specific to support the plaintiff's Labor Law § 241 (6) cause of action (*see Becerra v Promenade Apts. Inc.*, 126 AD3d 557 [2015]).

Furthermore, the defendants failed to eliminate all triable issues of fact as to whether the plaintiff was performing "construction work," as defined by 12 NYCRR 23-1.4 (b) (13), and therefore they did not satisfy their prima facie burden as to this issue (*see Simon v Granite Bldg. 2, LLC*, 114 AD3d 749, 753 [2014]; *cf. Pino v Robert Martin Co.*, 22 AD3d 549, 551 [2005]).

The plaintiff's remaining contentions need not be considered

in light of our determination. Balkin, J.P., Hall, Cohen and Hinds-Radix, JJ., concur.