■ ALDO SCOZ, Appellant, v J&Y ELECTRIC AND INTERCOM COMPANY INC. et al., Respondents. (And a Third-Party Action.) [27 NYS3d 523]—

Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered August 7, 2014, which, to the extent appealed from as limited by the briefs, granted defendants' motions for summary judgment dismissing the Labor Law § 241 (6) cause of action as against them, and denied plaintiff's cross motion for partial summary judgment on that claim, unanimously affirmed, without costs.

Plaintiff, an independent contractor, who intentionally used the wrong tool for the job, and rigged it a manner that he knew was unsafe, was the sole proximate cause of his accident (see Kerrigan v TDX Constr. Corp., 108 AD3d 468 [1st Dept 2013], lv denied 22 NY3d 862 [2014]). The lack of guards or a spreader that may have been required by Industrial Code (12 NYCRR) § 23-1.12 (c) resulted from plaintiff's misuse of the saw. Similarly, while 12 NYCRR 23-1.5 (c) requires damaged equip-

ment to be replaced or repaired, the use of a saw lacking a guard was the result of plaintiff's intentional use of the wrong, jury-rigged tool, and the manner in which he used the saw, so that only the blade protruded from the plywood, would have rendered any guard ineffectual.

Plaintiff's reliance on *Leon v Peppe Realty Corp.* (190 AD2d 400 [1st Dept 1993]) is misplaced; to the extent *Leon* holds that the failure to provide reasonable and adequate protection is a violation of Labor Law § 241 (6) without reference to any Industrial Code provision, it is not good law (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501-505 [1993]).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Sweeny, J.P., Richter, Manzanet-Daniels and Gische, JJ.