■ Manuel Tuapante, Respondent, v LG-39, LLC, et al., Appellants, et al., Defendant. [58 NYS3d 421]—

In an action to recover damages for personal injuries, the defendants LG-39, LLC, and Element New York Times Square West appeal from so much of an order of the Supreme Court, Queens County (Grays, J.), dated July 16, 2015, as denied that branch of their motion which was for summary judgment dismissing so much of the cause of action alleging a violation of Labor Law § 241 (6) insofar as asserted against them as was predicated upon 12 NYCRR 23-1.5 (c) (3), and granted that branch of the plaintiff's cross motion which was for leave to amend the bill of particulars to allege a violation of 12 NYCRR 23-1.5 (c) (3).

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff was injured while working on premises owned by the defendants LG-39, LLC, and Element New York Times Square West (hereinafter together the LG-39 defendants). The plaintiff testified at his deposition that he was cutting a piece of plywood using a handheld electric grinder which lacked a protective guard, and that he complained to his supervisor about the lack of a protective guard but was instructed to continue using the grinder. The grinder became stuck in the plywood, and as the plaintiff tried to dislodge it, it suddenly came free and struck his arm and leg, causing injury.

The plaintiff commenced this personal injury action alleging, inter alia, that the defendants violated various sections of the Industrial Code and were therefore liable pursuant to Labor Law § 241 (6). Following discovery, the LG-39 defendants moved for summary judgment dismissing the complaint insofar as asserted against them. The plaintiff cross-moved, inter alia, for leave to amend the bill of particulars to allege a violation of 12 NYCRR 23-1.5 (c) (3), which requires that "[a]ll safety devices, safeguards and equipment in use shall be kept sound and operable, and shall be immediately repaired or restored or immediately removed from the job site if damaged." The Supreme Court granted that branch of the plaintiff's cross motion, and denied that branch of the LG-39 defendants' motion which was for summary judgment dismissing so much of the

cause of action alleging a violation of Labor Law § 241 (6) insofar as asserted against them as was predicated upon 12 NYCRR 23-1.5 (c) (3). We affirm.

Leave to amend a bill of particulars " 'may properly be granted, even after the note of issue has been filed, where the plaintiff makes a showing of merit, and the amendment involves no new factual allegations, raises no new theories of liability, and causes no prejudice to the defendant' " (*D'Elia v City of New York*, 81 AD3d 682, 684 [2011], quoting *Galarraga v City of New York*, 54 AD3d 308, 310 [2008]; *see Ventimiglia v Thatch, Ripley & Co., LLC*, 96 AD3d 1043, 1047 [2012]; *Dowd v City of New York*, 40 AD3d 908 [2007]).

Contrary to the contention of the LG-39 defendants, the Supreme Court did not err in granting that branch of the plaintiff's cross motion which was for leave to amend the bill of particulars. The LG-39 defendants were aware that the plaintiff was alleging a dangerous work condition related to the allegedly defective handheld power grinder he was using at the work site. The plaintiff had already testified at his deposition that the grinder he was using lacked a safety guard, that he reported this fact to his supervisor, and that he was instructed to use it anyway. He further described in detail how the accident occurred. There were no new facts or theories of liability involved in the proposed amendment to assert the additional Industrial Code violation. Accordingly, the court properly rejected the claim of the LG-39 defendants that they would be prejudiced by the proposed amendment (*see Ventimiglia v Thatch, Ripley & Co., LLC*, 96 AD3d at 1047). Furthermore, 12 NYCRR 23-1.5 (c) (3) is sufficiently specific to support the cause of action alleging a violation of Labor Law § 241 (6) (*see Misicki v Caradonna*, 12 NY3d 511, 520-521 [2009]; *Perez v 286 Scholes St. Corp.*, 134 AD3d 1085, 1086 [2015]; *see also Williams v River Place II, LLC*, 145 AD3d 589, 589-590 [2016]; *Becerra v Promenade Apts. Inc.*, 126 AD3d 557, 558 [2015]).

Additionally, on their motion for summary judgment, the LG-39 defendants failed to sustain their prima facie burden of demonstrating either that 12 NYCRR 23-1.5 (c) (3) was inapplicable to the facts of this case, or that the alleged violation of that provision was not a proximate cause of the plaintiff's injuries. Accordingly, the Supreme Court properly denied that branch of their motion which was for summary judgment dismissing so much of the cause of action alleging a violation of Labor Law § 241 (6) insofar as asserted against them as was predicated upon 12 NYCRR 23-1.5 (c) (3) (*see Przyborowski v*

*A&M Cook, LLC*, 120 AD3d 651, 654 [2014]; *Ventimiglia v Thatch, Ripley & Co., LLC*, 96 AD3d at 1047).

The remaining contentions of the LG-39 defendants are without merit. Mastro, J.P., Dillon, Roman and Brathwaite Nelson, JJ., concur.