Davies v Simon Prop. Group, Inc. (2019 NY Slip Op 05955)





Davies v Simon Prop. Group, Inc.


2019 NY Slip Op 05955


Decided on July 31, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
VALERIE BRATHWAITE NELSON, JJ.


2016-12590
 (Index No. 601597/13)

[*1]Gerald Davies, plaintiff-respondent-appellant,
v
Simon Property Group, Inc., defendant-appellant- respondent, E.W. Howell Co., LLC, defendant third-party plaintiff-appellant-respondent, Ruttura & Sons Construction Co., Inc., defendant-appellant; Allstate Interior Demolition Corporation, third-party defendant-respondent (and another third-party action).


Polin, Prisco & Villafane (Andrew D. Polin and Mauro Lilling Naparty LLP, Woodbury, NY [Matthew W. Naparty and Anthony F. DeStefano], of counsel), for defendant-appellant-respondent and defendant third-party plaintiff-appellant-respondent.
McGaw, Alventosa & Zajac, Jericho, NY (Ross P. Masler of counsel), for defendant- appellant.
Edmond C. Chakmakian, Hauppauge, NY, for plaintiff-respondent-appellant.
Ahmuty, Demers & McManus, Albertson, NY (Nicholas M. Cardascia, Glenn A. Kaminska, and Alexander J. Wulwick of counsel), for third-party defendant-respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Simon Property Group, Inc., and the defendant third-party plaintiff E.W. Howell Co., LLC, appeal, the defendant Ruttura & Sons Construction Co., Inc., separately appeals, and the plaintiff cross-appeals, from an order of the Supreme Court, Nassau County (Jeffrey S. Brown, J.), entered December 12, 2016. The order, insofar as appealed from by the defendant Simon Property Group, Inc., and the defendant third-party plaintiff E.W. Howell Co., LLC, denied those branches of their motion which were (1) for summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action insofar as asserted against the defendant third-party plaintiff E.W. Howell Co., LLC, and (2) for summary judgment on the third-party cause of action for contractual indemnification asserted on behalf of the defendant third-party plaintiff E.W. Howell Co., LLC, against the third-party defendant, Allstate Interior Demolition Corporation. The order, insofar as appealed from by the defendant Ruttura & Sons Construction Co., Inc., denied those branches of its motion which were for summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action insofar as asserted against it. The order, insofar as cross-appealed from by the plaintiff, granted those branches of the motion of the defendant Simon Property Group, Inc., and the defendant third-party plaintiff E.W. Howell Co., LLC, which were for summary judgment dismissing the Labor Law §§ 240(1) and [*2]241(6) causes of action insofar as asserted against them.
ORDERED that the order is reversed insofar as appealed from by the defendant Ruttura & Sons Construction Co., Inc., and those branches of its motion which were for summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action insofar as asserted against it are granted; and it is further,
ORDERED that the order is reversed insofar as cross-appealed from by the plaintiff, and those branches of the motion of the defendant Simon Property Group, Inc., and the defendant third-party plaintiff E.W. Howell Co., LLC, which were for summary judgment dismissing the Labor Law §§ 240(1) and 241(6) causes of action insofar as asserted against them are denied; and it is further,
ORDERED that the order is affirmed insofar as appealed from by the defendant Simon Property Group, Inc., and the defendant third-party plaintiff E.W. Howell Co., LLC; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff and the third-party defendant payable by the defendant Simon Property Group, Inc., and the defendant third-party plaintiff E.W. Howell Co., LLC, and one bill of costs is awarded to the defendant Ruttura & Sons Construction Co., Inc., payable by the plaintiff.
The plaintiff alleges that he was injured while pushing a cart of concrete across a piece of plywood that had been had been laid by the plaintiff's employer, Allstate Interior Demolition Corporation (hereinafter Allstate), on the ground from which a sidewalk had previously been removed. The plywood "flexed," causing the plaintiff and the cart to fall into an adjacent hole. While the plaintiff testified at his deposition that the plywood bridged a three-foot wide and three-foot deep hole or trench that he fell into, two other witnesses testified at their depositions that there was no hole or trench underneath the plywood.
The plaintiff commenced this action against the operator of the premises where the accident occurred, Simon Property Group, Inc. (hereinafter Simon), the general contractor, E.W. Howell Co., LLC (hereinafter Howell), and the company that had removed the sidewalk, Ruttura & Sons Construction Co., Inc. (hereinafter Ruttura), alleging causes of action to recover damages for common-law negligence as well as violations of Labor Law §§ 200, 240(1), and 241(6). Howell commenced a third-party action against Allstate seeking contractual indemnification.
Following discovery, Simon and Howell moved together (hereinafter the Simon/Howell motion) for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, as well as for summary judgment on Howell's third-party cause of action against Allstate for contractual indemnification. Ruttura moved for summary judgment, inter alia, dismissing the complaint insofar as asserted against it.
In an order entered December 12, 2016, the Supreme Court granted that branch of the Simon/Howell motion which was for summary judgment dismissing the Labor Law § 240(1) cause of action insofar as asserted against Simon and Howell on the ground that the three-foot height differential of the sidewalk was not a significant elevation differential that the statute was designed to protect against. The court also granted that branch of the Simon/Howell motion which was for summary judgment dismissing the Labor Law § 241(6) cause of action insofar as asserted against Simon and Howell on the ground that the plaintiff's injuries were not caused by a violation of the Industrial Code section cited by the plaintiff. However, the court denied those branches of the Simon/Howell motion and the Ruttura motion which were for summary judgment dismissing the common-law negligence and Labor Law § 200 causes of action on the ground that the movants' papers raised a triable issue of fact as to whether the plywood was laid across a hole or a trench. The court also denied that branch of the Simon/Howell motion which was for summary judgment on the issue of contractual indemnification on behalf of Howell against Allstate on the ground that there was a triable issue of fact as to whether Howell was negligent, and, thus, whether Howell was [*3]entitled to contractual indemnification. Howell and Simon appeal, Ruttura separately appeals, and the plaintiff cross-appeals, from this order.
Labor Law § 240(1), more commonly known as the "scaffold law," provides that, with certain exceptions, owners and their agents engaged in, among other things, the demolition or altering of a building or structure "shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed" (see Gordon v Eastern Ry. Supply, 82 NY2d 555, 559). "[T]he single decisive question [in determining whether Labor Law § 240(1) is applicable] is whether plaintiff's injuries were the direct consequence of a failure to provide adequate protection against a risk arising from a physically significant elevation differential" (Runner v New York Stock Exch., Inc., 13 NY3d 599, 603; see Ventimiglia v Thatch, Ripley & Co., LLC, 96 AD3d 1043, 1045). Here, there was conflicting deposition testimony regarding whether the plywood was, under the circumstances, the functional equivalent of a scaffold meant to prevent the plaintiff from falling into a three-foot-deep hole or trench (see Ventimiglia v Thatch, Ripley & Co., LLC, 96 AD3d at 1046). Since the transcripts of those depositions were attached to the Simon/Howell moving papers, Simon and Howell failed to demonstrate that the plaintiff's alleged injuries were not the direct consequence of a failure to provide adequate protection against a risk arising from a physically significant elevation differential. Thus, Simon and Howell failed to establish their prima facie entitlement to judgment as a matter of law (see id.; see also Jenkins v Board of Mgrs. of Southampton Meadows Condominium, 269 AD2d 427, 427). The failure to make a prima facie showing required the denial of that branch of the motion, regardless of the sufficiency of the opposing papers (see Eversfield v Brush Hollow Realty, LLC, 91 AD3d 814, 816). Therefore, Simon and Howell were not entitled to summary judgment dismissing the Labor Law § 240(1) cause of action insofar as asserted against them.
Labor Law § 241(6) provides that "[a]ll areas in which construction, excavation or demolition work is being performed shall be so constructed, shored, equipped, guarded, arranged, operated and conducted as to provide reasonable and adequate protection and safety to the persons employed therein or lawfully frequenting such places." To prevail on a cause of action under section 241(6), a plaintiff must establish a violation of a specific safety regulation promulgated by the Commissioner of the Department of Labor (see Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 505). Here, the regulation which plaintiff alleges was violated concerns structural runways, ramps, and platforms (see 12 NYCRR 23-1.22[b]), which is a regulation that sets forth specific standards of conduct sufficient to support a Labor Law § 241(6) cause of action (see O'Hare v City of New York, 280 AD2d 458, 458). Similar to the plaintiff's Labor Law § 240(1) cause of action, the conflicting deposition testimony attached to the Simon/ Howell moving papers raised a triable issue of fact as to whether there was insufficient bracing under the plywood (see Creese v Long Is. Light. Co., 98 AD3d 708, 710). The failure of Simon and Howell to make a prima facie showing required the denial of that branch of their motion, regardless of the sufficiency of the opposing papers (see Eversfield v Brush Hollow Realty,LLC, 91 AD3d at 816). Therefore, Simon and Howell were not entitled to summary judgment on the issue of liability dismissing the Labor Law § 241(6) cause of action insofar as asserted against them.
"Labor Law § 200 is a codification of the common-law duty to provide workers with a safe work environment" (Azad v 270 5th Realty Corp., 46 AD3d 728, 730; see Brown v Brause Plaza, LLC, 19 AD3d 626, 628). There are two main types of liability under Labor Law § 200: injuries caused by dangerous or defective conditions, and injuries caused by dangerous or defective equipment at the jobsite (see Reyes v Arco Wentworth Mgt. Corp., 83 AD3d 47, 51). A property owner or general contractor will only be liable under Labor Law § 200 for dangerous or defective equipment that it did not supply if it possessed the authority to supervise or control the means and methods of the work (see id. at 51; Ortega v Puccia, 57 AD3d 54, 61). Here, Simon and Howell failed to meet their prima facie burden of demonstrating that Howell lacked the authority to supervise or control the performance of the plaintiff's work. Howell had contracted this responsibility from Simon, and had exercised that authority on two previous occasions to stop work by the plaintiff's employer due to unsafe conditions. Simon and Howell also failed to meet their [*4]prima facie burden of demonstrating a lack of constructive notice of the alleged dangerous condition of the plywood. According to the deposition testimony of the plaintiff's foreman, the plywood had been in place for "a couple of weeks" before the plaintiff's accident. Therefore, we agree with the Supreme Court's determination denying those branches of the Simon/Howell motion which were for summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action insofar as asserted against Howell.
Ruttura demonstrated its prima facie entitlement to judgment as a matter of law dismissing the Labor Law § 200 and common-law negligence causes of action insofar as asserted against it (see DeSimone v City of New York, 121 AD3d 420, 421-422). The deposition testimony demonstrated that Ruttura had removed the sidewalk and graded the area in accordance with its contract, and that plumbers later dug the trench that Allstate allegedly bridged with the plywood. In opposition, the plaintiff failed to raise a triable issue of fact. Thus, Ruttura was entitled to summary judgment dismissing the Labor Law § 200 and common-law negligence cause of action insofar as asserted against it.
Finally, "a party seeking contractual indemnification must prove itself free from negligence, because to the extent its negligence contributed to the accident, it cannot be indemnified therefor" (Cava Constr. Co., Inc. v Gealtec Remodeling Corp., 58 AD3d 660, 662; see General Obligations Law § 5-322.1). Here, because Howell could be found 100% liable for the worker's injury, "there is no basis for granting summary judgment on its claim for full or partial contractual indemnification at this juncture" (Callan v Structure Tone, Inc., 52 AD3d 334, 335-336; see Arriola v City of New York, 128 AD3d 747). Thus, we agree with the Supreme Court's determination denying that branch of the Simon/Howell motion which was for summary judgment on Howell's third-party cause of action for contractual indemnification against Allstate.
MASTRO, J.P., AUSTIN, ROMAN and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court