Matute v Town of Hempstead (2020 NY Slip Op 00580)





Matute v Town of Hempstead


2020 NY Slip Op 00580


Decided on January 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
RUTH C. BALKIN
SHERI S. ROMAN
BETSY BARROS, JJ.


2018-03875
 (Index No. 3343/15)

[*1]Franklin Matute, appellant, 
v
Town of Hempstead, et al., respondents, et al., defendant.


Ferro, Kuba, Mangano, Skylar, P.C., Hauppauge, NY (Kenneth Mangano and Rebecca Fortney of counsel), for appellant.
Jaspan Schlesinger LLP, Garden City, NY (Lisa A. Cairo of counsel), for respondent Town of Hempstead.
Murphy, Bartol & O'Brien, LLP, Mineola, NY (Kevin J. O'Brien of counsel), for respondent Anray Custom Builders Incorporated.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Denise L. Sher, J.), entered February 5, 2018. The order, insofar as appealed from, granted that branch of the motion of the defendant Town of Hempstead which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241(6) insofar as asserted against it, granted that branch of the cross motion of the defendant Anray Custom Builders Incorporated which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241(6) insofar as asserted against it, and denied the plaintiff's cross motion pursuant to General Municipal Law § 50-e(6) and CPLR 3025(b) for leave to amend the notice of claim and the amended complaint.
ORDERED that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, with one bill of costs, that branch of the motion of the defendant Town of Hempstead which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241(6) insofar as asserted against it is denied, that branch of the cross motion of the defendant Anray Custom Builders Incorporated which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241(6) insofar as asserted against it is denied, and the plaintiff's cross motion pursuant to General Municipal Law § 50-e(6) and CPLR 3025(b) for leave to amend the notice of claim and the amended complaint is granted.
The plaintiff was employed as a carpenter by the defendant JM Construction Company of L.I., LLC, a contractor hired by the defendant Anray Custom Builders Incorporated (hereinafter Anray). Anray was retained by the defendant Town of Hempstead to construct houses on certain land located in Inwood. On August 1, 2014, the plaintiff allegedly was injured while using an electrical circular saw to cut wood.
In 2015, the plaintiff commenced this personal injury action, alleging, inter alia, a violation of Labor Law § 241(6). Thereafter, the Town moved, inter alia, for summary judgment [*2]dismissing the Labor Law § 241(6) cause of action insofar as asserted against it, and Anray cross-moved, inter alia, for summary judgment dismissing the Labor Law § 241(6) cause of action insofar as asserted against it. The plaintiff cross-moved pursuant to General Municipal Law § 50-e(6) and CPLR 3025(b) for leave to amend the notice of claim and the amended complaint to assert violations of 12 NYCRR 23-1.5(c)(3) and 23-1.12(c)(1). The Supreme Court denied the plaintiff's cross motion, granted that branch of the Town's motion which was for summary judgment dismissing the Labor Law § 241(6) cause of action insofar as asserted against it, and granted that branch of Anray's cross motion which was for summary judgment dismissing the Labor Law § 241(6) cause of action insofar as asserted against it. The plaintiff appeals.
Motions for leave to amend pleadings should be freely granted, absent prejudice or surprise directly resulting from the delay in seeking leave, unless the proposed amendment is palpably insufficient or patently devoid of merit (see CPLR 3025[b]; Urias v Daniel P. Buttafuoco & Assoc., PLLC, 173 AD3d 1244). Here, the proposed amendments were not palpably insufficient or patently devoid of merit (see Noetzell v Park Ave. Hall Hous. Dev. Fund Corp., 271 AD2d 231). Moreover, leave to amend to identify certain relevant Industrial Code provisions may properly be granted, even after the note of issue has been filed, where, as here, the plaintiff makes a showing of merit, and the amendment involves no new factual allegations, raises no new theories of liability, and causes no prejudice to the defendants (see Tuapante v LG-39, LLC, 151 AD3d 999, 1000; Galarraga v City of New York, 54 AD3d 308, 310). Accordingly, the Supreme Court improvidently exercised its discretion in denying the plaintiff's cross motion pursuant to General Municipal Law § 50-e(6) and CPLR 3025(b) for leave to amend the notice of claim and the amended complaint to assert the subject Industrial Code provisions.
Additionally, we disagree with the Supreme Court's determination to grant that branch of the Town's motion which was for summary judgment dismissing the Labor Law § 241(6) cause of action insofar as asserted against it and that branch of Anray's cross motion which was for summary judgment dismissing the Labor Law § 241(6) cause of action insofar as asserted against it. The Town and Anray each failed establish their prima facie entitlement to judgment as a matter of law (cf. Scoz v J & Y Elec. & Intercom Co., Inc., 137 AD3d 535). Triable issues of fact exist, inter alia, as to whether the plaintiff was the sole proximate cause of his injury (see Roque v 475 Bldg. Co., LLC, 171 AD3d 543). Accordingly, the court should have denied that branch of the Town's motion which was for summary judgment dismissing the Labor Law § 241(6) cause of action insofar as asserted against it and that branch of Anray's cross motion which was for summary judgment dismissing the Labor Law § 241(6) cause of action insofar as asserted against it.
RIVERA, J.P., BALKIN, ROMAN and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court