Palaguachi v Idlewild 228th St., LLC (2021 NY Slip Op 05127)





Palaguachi v Idlewild 228th St., LLC


2021 NY Slip Op 05127


Decided on September 29, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 29, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2019-00630
 (Index No. 706775/15)

[*1]Jose Palaguachi, plaintiff-respondent,
v
Idlewild 228th Street, LLC, appellant, Bar Construction Corp., defendant-respondent.


Baxter Smith & Shapiro, P.C., Hicksville, NY (Dennis S. Heffernan and Louis B. Dingeldey, Jr., of counsel), for appellant.
Silberstein Awad & Miklos, P.C., Garden City, NY (Daniel P. Miklos and Michael Grazio of counsel), for plaintiff-respondent.
Baker Greenspan & Bernstein, Bellmore, NY (Patrick J. Garvey and Robert L. Bernstein, Jr., of counsel), for defendant-respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Idlewild 228th Street, LLC, appeals from an order of the Supreme Court, Queens County (Leonard Livote, J.), entered January 2, 2019. The order, insofar as appealed from, denied those branches of the motion of the defendant Idlewild 228th Street, LLC, which were for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241(6) insofar as asserted against it and on its cross claim for contractual indemnification against the defendant Bar Construction Corp., and granted that branch of the plaintiff's cross motion which was for leave to amend the bill of particulars to allege violations of additional Industrial Code sections.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs.
In June 2015, the plaintiff commenced this action against the defendant Idlewild 228th Street, LLC (hereinafter Idlewild), the owner of a building under construction in Queens (hereinafter the premises), and the defendant Bar Construction Corp. (hereinafter Bar Construction), the general contractor of the construction project, to recover damages for personal injuries the plaintiff alleged that he sustained in October 2014 when he was working at the premises as an employee of nonparty subcontractor Tipp Flooring Company (hereinafter Tipp Flooring). According to the plaintiff, he was installing flooring at the premises and was on his knees applying adhesive to the floor when his right knee pad, which he alleged was broken, shifted, causing him to fall and sustain injuries.
The plaintiff asserted, inter alia, a cause of action alleging a violation of Labor Law § 241(6). In its answer, Idlewild asserted, among other things, a cross claim for contractual indemnification against Bar Construction. Although the plaintiff filed the note of issue in May 2017, the parties agreed to continue with discovery depositions, the last of which took place in March 2018. Two months later, in May 2018, the plaintiff served a supplemental bill of particulars in [*2]which he alleged violations of additional Industrial Code sections, including 12 NYCRR 23-1.5(c)(3).
Shortly thereafter, Idlewild moved, inter alia, for summary judgment dismissing the Labor Law § 241(6) cause of action insofar as asserted against it and on its cross claim for contractual indemnification against Bar Construction. The plaintiff cross-moved, among other things, for leave to amend the bill of particulars to allege violations of additional Industrial Code sections, including 12 NYCRR 23-1.5(c)(3). In an order entered January 2, 2019, the Supreme Court, inter alia, denied those branches of Idlewild's motion which were for summary judgment dismissing the Labor Law § 241(6) cause of action insofar as asserted against it and on its cross claim for contractual indemnification against Bar Construction, and granted that branch of the plaintiff's cross motion which was for leave to amend the bill of particulars to allege violations of additional Industrial Code sections. Idlewild appeals.
"[L]eave to amend the pleadings to identify a specific, applicable Industrial Code provision may properly be granted, even after the note of issue has been filed, where the plaintiff makes a showing of merit, and the amendment involves no new factual allegations, raises no new theories of liability, and causes no prejudice to the defendant" (Ventimiglia v Thatch, Ripley & Co., LLC, 96 AD3d 1043, 1047 [internal quotation marks omitted]; see Tuapante v LG-39, LLC, 151 AD3d 999, 1000). Here, the Supreme Court providently exercised its discretion in granting that branch of the plaintiff's cross motion which was to amend the bill of particulars to allege violations of additional Industrial Code sections. The plaintiff's amendment did not prejudice the defendants and did not involve new factual allegations or raise new theories of liability (see Matute v Town of Hempstead, 179 AD3d 1047, 1049; Tuapante v LG-39, LLC, 151 AD3d at 1000).
The Supreme Court properly denied that branch of Idlewild's motion which was for summary judgment dismissing the Labor Law § 241(6) cause of action insofar as asserted against it. Labor Law § 241(6) imposes upon all general contractors and owners and their agents nondelegable duties to provide workers with proper safety devices and adequate protection (see Perez v 286 Scholes St. Corp., 134 AD3d 1085, 1086; Lopez v New York City Dept. of Envtl. Protection, 123 AD3d 982, 983). As is relevant to the Labor Law § 241(6) cause of action here, "[a]ll safety devices, safeguards and equipment in use shall be kept sound and operable, and shall be immediately repaired or restored or immediately removed from the job site if damaged" (12 NYCRR 23-1.5[c][3]; see Tuapante v LG-39, LLC, 151 AD3d at 1000).
Idlewild failed to establish its prima facie entitlement to judgment as a matter of law, as it did not demonstrate either that 12 NYCRR 23-1.5(c)(3) was inapplicable or that the alleged violation of that provision was not a proximate cause of the plaintiff's injuries (see Tuapante v LG-39, LLC, 151 AD3d at 1000; see also Perez v 286 Scholes St. Corp., 134 AD3d at 1086). In support of its motion, Idlewild submitted, inter alia, a transcript of the deposition testimony of the plaintiff's former manager at Tipp Flooring, who testified that Tipp Flooring required floor installers to use kneepads to protect their knees and backs. Idlewild also submitted a transcript of the deposition testimony of the plaintiff, who testified that he had told his employer that he needed new knee pads two months prior to the accident. Thus, the Supreme Court properly determined that there were triable issues of fact precluding an award of summary judgment dismissing the Labor Law § 241(6) cause of action insofar as asserted against Idlewild.
The Supreme Court also properly denied that branch of Idlewild's motion which was for summary judgment on its cross claim for contractual indemnification against Bar Construction. Idlewild failed to eliminate all triable issues of fact regarding, inter alia, whether the plaintiff's injuries were caused by the negligent acts or omissions of Bar Construction, a subcontractor, or anyone employed by Bar Construction or a subcontractor (see Fritz v Sports Auth., 91 AD3d 712, 713-714; Martinez v City of New York, 73 AD3d 993, 999).
RIVERA, J.P., AUSTIN, DUFFY and BARROS, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court