Castano v Algonquin Gas Transmission, LLC (2023 NY Slip Op 00983)

Castano v Algonquin Gas Transmission, LLC

2023 NY Slip Op 00983

Decided on February 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
REINALDO E. RIVERA
LINDA CHRISTOPHER
HELEN VOUTSINAS, JJ.

2020-01358
 (Index No. 52299/17)

[*1]Nick Castano, appellant, 
v
Algonquin Gas Transmission, LLC, et al., respondents, et al., defendants.

Hach & Rose, LLP, New York, NY (Michael A. Rose, David Cheverie, and Harris J. Zakarin, P.C., of counsel), for appellant.
Goldberg Segalla, LLP, Buffalo, NY (Meghan M. Brown of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Maria G. Rosa, J.), dated January 22, 2020. The order, insofar as appealed from, (1) granted that branch of the motion of the defendants Algonquin Gas Transmission, LLC, and Henkels & McCoy, Inc., which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against them, (2) denied the plaintiff's cross-motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1), and (3) denied the plaintiff's separate cross-motion pursuant to CPLR 3025(b) for leave to amend the bill of particulars to allege violations of certain additional sections of the Industrial Code with regard to the cause of action alleging a violation of Labor Law § 241(6).
ORDERED that the order is modified, on the law and in the exercise of discretion, (1) by deleting the provision thereof granting that branch of the motion of the defendants Algonquin Gas Transmission, LLC, and Henkels & McCoy, Inc., which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against them, and substituting therefor a provision denying that branch of the motion, and (2) by deleting the provision thereof denying the plaintiff's cross-motion pursuant to CPLR 3025(b) for leave to amend the bill of particulars to allege violations of certain additional sections of the Industrial Code with regard to the cause of action alleging a violation of Labor Law § 241(6), and substituting therefor a provision granting that cross-motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
On June 2, 2016, the plaintiff allegedly was injured while working on a project to replace a section of an interstate natural gas transmission pipeline underneath the Hudson River. The defendant Algonquin Gas Transmission, LLC (hereinafter Algonquin), was the owner of the pipeline. The defendant Henkels & McCoy, Inc. (hereinafter Henkels), was the general contractor on the project. Henkels hired the plaintiff's employer, nonparty Southeast Directional Drilling (hereinafter Southeast), as a subcontractor.
The plaintiff testified at a deposition that, on the date of the alleged incident, he was [*2]unloading pipes, each weighing approximately 1,000 pounds, from a flatbed trailer. The plaintiff testified that he secured one of the pipes with a "choker" strap. Thereafter, as a coworker lifted the pipe using a CAT excavator, the pipe dropped, striking the plaintiff's leg.
The plaintiff commenced this action against, among others, Algonquin and Henkels (hereinafter together the defendants), alleging, inter alia, violations of Labor Law §§ 240(1) and 241(6). The defendants moved, among other things, for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against them. The plaintiff cross-moved for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1). Further, the plaintiff separately cross-moved pursuant to CPLR 3025(b) for leave to amend the bill of particulars to allege violations of certain additional sections of the Industrial Code with regard to the cause of action alleging a violation of Labor Law § 241(6). The Supreme Court, inter alia, granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against them and denied the plaintiff's cross motions. The plaintiff appeals.
Labor Law § 240(1) "imposes on owners or general contractors and their agents a nondelegable duty, and absolute liability for injuries proximately caused by the failure to provide appropriate safety devices to workers who are subject to elevation-related risks" (Saint v Syracuse Supply Co., 25 NY3d 117, 124). "Labor Law § 240(1) applies to both 'falling worker' and 'falling object' cases" (Narducci v Manhasset Bay Assoc., 96 NY2d 259, 267). "With respect to falling objects, Labor Law § 240(1) applies where the falling of an object is related to 'a significant risk inherent in . . . the relative elevation . . . at which materials or loads must be positioned or secured'" (id. at 267-268, quoting Rocovich v Consolidated Edison Co., 78 NY2d 509, 514). "[A] plaintiff must show that, at the time the object fell, it was being hoisted or secured, or that the falling object required securing for the purposes of the undertaking" (Banscher v Actus Lend Lease, LLC, 103 AD3d 823, 824; see Simmons v City of New York, 165 AD3d 725, 727). A plaintiff must also show that "the object fell . . . because of the absence or inadequacy of a safety device of the kind enumerated in the statute" (Narducci v Manhasset Bay Assoc., 96 NY2d at 268; see Fabrizi v 1095 Ave. of the Ams., L.L.C., 22 NY3d 658, 663).
"To succeed on a cause of action under Labor Law § 240(1), a plaintiff must establish that the defendant violated its duty and that the violation proximately caused the plaintiff's injuries" (Roblero v Bais Ruchel High Sch., Inc., 175 AD3d 1446, 1447). Where the plaintiff is the sole proximate cause of his or her own injuries, there can be no recovery under Labor Law § 240(1) (see Robinson v East Med. Ctr., LP, 6 NY3d 550, 553-555; Melendez v 778 Park Ave. Bldg. Corp., 153 AD3d 700, 701).
Here, the defendants failed to establish, prima facie, their entitlement to judgment as a matter of law. The evidence submitted in support of their motion, which included the plaintiff's deposition testimony, failed to eliminate all triable issues of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324). Triable issues of fact exist, inter alia, as to whether the plaintiff was the sole proximate cause of his injuries (see Houston v State of New York, 171 AD3d 1145), and whether the pipe fell because of the absence or inadequacy of a safety device (see Narducci v Manhasset Bay Assoc., 96 NY2d at 267-268; Carlton v City of New York, 161 AD3d 930, 932-933). Accordingly, the Supreme Court should have denied that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against them, regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The Supreme Court properly denied the plaintiff's cross-motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1), since the plaintiff's submissions similarly failed to eliminate all triable issues of fact (see Alvarez v Prospect Hosp., 68 NY2d at 324).
"[L]eave to amend the pleadings to identify a specific, applicable Industrial Code provision may properly be granted, even after the note of issue has been filed, where the plaintiff [*3]makes a showing of merit, and the amendment involves no new factual allegations, raises no new theories of liability, and causes no prejudice to the defendant" (Ventimiglia v Thatch, Ripley & Co., LLC, 96 AD3d 1043, 1047 [internal quotation marks omitted]; see Palaguachi v Idlewild 228th St., LLC, 197 AD3d 1321, 1322; Tuapante v LG-39, LLC, 151 AD3d 999, 1000).
Here, the Supreme Court improvidently exercised its discretion in denying the plaintiff's cross-motion pursuant to CPLR 3025(b) for leave to amend the bill of particulars to allege certain additional violations of sections of the Industrial Code with regard to the Labor Law § 241(6) cause of action. The plaintiff made a showing of merit, and the proposed amendment did not prejudice the defendants and did not involve new factual allegations or raise new theories of liability (see Palaguachi v Idlewild 228th St., LLC, 197 AD3d at 1322; Matute v Town of Hempstead, 179 AD3d 1047, 1049).
DUFFY, J.P., RIVERA, CHRISTOPHER and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court